Peter CHAO, Alan Chen, Chen Li Chen, and Judy Pei, Plaintiffs,

v.

CITY OF WATERLOO, Iowa, Appellant,

v.

Merton L. McDOUGALL and Dorothy F. McDougall, Appellees,

and

Friedl Realty Co., Inc., James R. Friedl, Patricia A. Friedl, Waterloo Savings Bank, Tony Tomlyanovich, Hawkeye Travel Services, Inc., Mary Billings, Catherine Porter, Thomas Friedl, Shirley Kapler, Rosemary Ralston, and Black Hawk County, Iowa, Defendants.

No. 69525.

Supreme Court of Iowa.

April 11, 1984.

William S. Smith, Waterloo, for appellant.

Paula J. Larson and W. Louis Beecher, of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER and WOLLE, JJ.

WOLLE, Justice.

We have granted the City of Waterloo (city) permission to take this interlocutory appeal from several orders entered by the district court dismissing the city's cross-appeal in a condemnation proceeding. We conclude that the city's notice of cross-appeal and amended cross-petition were sufficient to invoke the jurisdiction of the district court and give notice of the relief it was entitled to seek. We therefore reverse and remand.

As part of a project to extend a parking ramp, the city initiated condemnation procedures to obtain a parcel of real estate in downtown Waterloo. Appellees Merton L. and Dorothy F. McDougall (McDougalls) had equitable title to the property as contract purchasers. Peter Chao and others had leasehold interests, while the remaining parties had lien or other interests. Pursuant to procedures set out in Iowa Code chapter 472 (1981), the compensation commission filed its report which assessed damages to each of the persons who had an interest in the property.

Lessees of part of the subject property served timely notices of appeal to the district court and filed petitions requesting increases in the amounts awarded to them for their leasehold interests. In the first of those actions, the city filed an answer and also cross-appealed against the McDougalls. In its cross-appeal the city alleged that in the event the lessees were awarded additional damages, the amount to be paid the McDougalls as landlords should be reduced accordingly.

McDougalls filed a motion to dismiss the city's cross-appeal, asserting that each interest in property is independent and each party's damage award must be separately ascertained without reference to other parties' awards. Before the court had ruled on McDougalls' motion to dismiss, the city conceded the inadequacy of its cross-petition and filed a motion to amend. The amended cross-petition alleged that the damages awarded to the McDougalls were

excessive and should be reduced by $20,-000.

Following a hearing on several pending motions, the district court first sustained the McDougalls' motion to dismiss the city's appeal on the ground that the allegations of the city's cross-petition were insufficient as a matter of law. It reached that conclusion, however, without considering the substance of the city's proposed amendment. The district court then denied the city's motion to amend its cross-petition.

The city promptly filed a motion for reconsideration and a motion for additional time to file a petition against the McDougalls. In denying those motions the district court stated that its original order of dismissal had been correct because the inadequacy of the city's original cross-petition deprived the court of jurisdiction to hear the city's cross-appeal.

We have allowed the city to appeal from the granting of the McDougalls' motion to dismiss, the denial of its motion to amend its petition, and the denial of its m otion for additional time to file a petition. We address first the question of jurisdiction, next the question whether the court should have allowed the city to amend, and finally the question whether the city's pleadings were sufficient to withstand the McDougalls' motion to dismiss.

### I. Jurisdiction of the District Court.

■ Appeals from condemnation awards invoke the appellate jurisdiction of the district court. *Kenkel v. Iowa State Highway Commission*, 162 N.W.2d 762, 763–65 (Iowa 1968). To perfect its appeal from the compensation commission's award of damages to McDougalls, the city was required to comply with those provisions of Iowa Code chapter 472 which constitute jurisdictional prerequisites. *Carmichael v. Iowa State Highway Commission*, 156 N.W.2d 332, 335 (Iowa 1968). The parties agree that section 472.18 is jurisdictional; it requires service of a timely written notice of appeal on all interested parties. The parties also agree that the city complied with section 472.18. The parties disagree, however, on whether section 472.22 is also jur-

isdictional in nature. That section provides:

Pleadings on appeal. A written petition shall be filed by the plaintiff within twenty days after perfection of the appeal, stating specifically the items of damage and the amount thereof. The court may for good cause shown grant additional time for the filing of the petition. The defendant shall file a written answer to plaintiff's petition, or such other pleadings as may be proper.

■ The city contends that it was not required to comply with section 472.22 in order to invoke the jurisdiction of the district court, and we agree. Once the city had complied with section 472.18, the district court had jurisdiction to hear the appeal regardless of whether the city's cross-petition satisfied the requirements of section 472.22. Both the wording of section 472.22 and previous decisions of this court are consistent with the city's contention.

Section 472.22 expressly commences the running of the 20 day period from "perfection of the appeal." Moreover, our early cases construing statutes substantially the same as sections 472.18 and 472.22 carefully distinguished between the jurisdictional requirements of the former and the procedural requirements of the latter. *See O'Neal v. State*, 214 Iowa 977, 981–82, 243 N.W. 601, 603–04 (1932) ("The appeal is taken by the mere service of a notice stating that fact."); *Baker v. City of Cedar Falls*, 185 N.W.2d 810, 812 (Iowa 1971) (dictum) (in condemnation appeals, "filing the petition within the time separately specified for filing pleadings is not jurisdictional").

Because the record affirmatively shows that the city complied with the jurisdictional requirements of Iowa Code section 472.-18, the district court erred in holding it was without jurisdiction to hear the city's appeal.

### II. Was the City's Cross-Petition Substantively Adequate?

The district court found the city's cross-petition substantively inadequate without

considering the allegations of the city's amended cross-petition. In determining whether the city's pleadings were adequate we must first review the district court's order denying permission to amend. The motion to amend was filed immediately after the McDougalls filed their motion to dismiss; the motions were argued together and ruled on in consecutive paragraphs of the same order. After sustaining the McDougalls' motion to dismiss, the district court said:

By prior Order, the Court has already dismissed the Cross Appeal. The Motion to Amend Petition refers to that Cross Appeal. Section 472.22, The Code, requires that following notice of appeal a written petition shall be filed within 20 days after perfection of the appeal. Said section allows the Court to for good cause grant additional time for filing of the petition. No such action was ever taken by the City here.

Therefore, their attempt to cross appeal against the McDougalls based on the allegations previously referred to herein are untimely and therefore the Court denied the Motion to Amend Petition.

■ A. *Should the City's Amendment Have Been Allowed?* Iowa Rule of Civil Procedure 88 provides guidelines for deciding whether amendments to pleadings should be allowed. It states:

A party may amend the pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty days after it is served. Otherwise, a party may amend the pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

Allowance or disallowance of amendments is also a matter for the exercise of trial court discretion. *Ackerman v. Lauver,*

242 N.W.2d 342, 345 (Iowa 1976). The discretion is a legal discretion, to be exercised by applying rule 88 in the light of all the circumstances of the case. *Johnston v. Percy Construction, Inc.,* 258 N.W.2d 366, 371 (Iowa 1977) ("[T]he bounds of fair discretion are exceeded if the ruling lacks a sound legal basis."); *Lawyer v. Stansell,* 217 Iowa 111, 117, 250 N.W. 887, 889 (1933). We have also frequently held that allowance of amendments should be the rule and denial the exception. *See, e.g., Ackerman v. Lauver,* 242 N.W.2d at 345; *Atlantic Veneer Corp. v. Sears,* 232 N.W.2d 499, 503 (Iowa 1975).

■ Under all of the circumstances of this case the district court should have granted the city's motion to amend. The circumstances did not support a denial of that motion. In its orders the court suggested that the city should have filed a separate "direct" appeal and petition rather than its cross-appeal and cross-petition. Section 472.21, however, expressly recognizes that a single docketed case may involve appeals of more than one party; consequently "cross" appeals and "cross" petitions among parties to a condemnation action are permissible.

■ The district court's orders also suggest that the city's pleadings were not timely and that the city should have requested additional time to file a petition. To the contrary, both the cross-petition and motion to amend that pleading were filed within 20 days after perfection of its appeal, as required by section 472.22. We add that rule 88 permits an amendment as a matter of right when no responsive pleading has been filed. Even though several other parties had filed answers to the city's cross-petition, the McDougalls had not answered when the city filed its motion to amend. Consequently the court should have recognized that rule 88 gave the city the right to amend its cross-petition against the McDougalls, if not against other parties.

■ The district court could properly have considered whether the proposed

amendment would have so changed the issues as to surprise any party or cause prejudice. *See Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 896 (Iowa 1981); *Johnston v. Percy Construction Inc.*, 258 N.W.2d at 371. No party other than the McDougalls, however, objected to the amendment and no party demonstrated surprise or prejudice. The amendment did not substantially change the issues, because the only issue permitted in this condemnation appeal would be the ascertainment of damages to each party with an interest in the property taken by the city. Iowa Code §. 472.23 (1981); *See Stellingwerf v. Lenihan*, 249 Iowa 179, 183, 85 N.W.2d 912, 915 (1957). The city's proposed amendment to its cross-petition clarified its theory of why the McDougalls' award should be reduced but made no other change in the issues before the court.

For these reasons the district court should have granted the city's motion to amend and then considered the allegations of the proposed amended cross-petition in ruling on the McDougalls' motion to dismiss.

■ B. *The Motion to Dismiss.* The district court sustained the McDougalls' motion to dismiss on the authority of *Fritz v. Iowa State Highway Commission*, 270 N.W.2d 835, 843 (1978), which held that a landlord and tenant are each entitled to have the damages to their separate interests separately ascertained. The city's proposed amendment, which the district court should have allowed, cured that defect in the substantive allegations of the original cross-petition. The pleading as amended would not predicate a reduction of McDougalls' award on an increase in the amount which the tenants would recover. Consequently the district court erred both in denying the city's motion to amend and in finding the city's pleadings inadequate.

Because the city's amendment should have been allowed, and because its appeal should not have been dismissed, we need not address the city's contention that the district court erred in denying the city's

request for additional time to file a petition.

REVERSED AND REMANDED.