WADE FARMS, INC., Appellant,

v.

CITY OF WELDON, Iowa, Appellee.

No. 86–1712.

Supreme Court of Iowa.

Feb. 17, 1988.

David W. Dunn and Jamie A. Wade of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for appellant.

Monty W. Franklin, Humeston, for appellee.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

In this case Wade Farms, Inc. (Wade) asks us to reverse the district court's dismissal of its appeal of a property appraisement made in condemnation proceedings. The court ruled its jurisdiction had not been properly invoked because Wade had failed to personally serve notice of the appeal upon the city of Weldon within thirty days of the appraisement notice. We affirm.

The city condemned land owned by Wade for use as a city sewage treatment facility. *See* Iowa Code § 472.1 (1985). On June 24, 1986, the compensation commission assessed the damages at $16,000. *See id.* at § 472.4. The Decatur County sheriff mailed notice of this appraisement on July 8. *See id.* at § 472.18.[1]

Wade found the appraisement unacceptable and decided to appeal. On August 7 it filed a notice of appeal and a petition with the district court for Decatur County; copies of the notice and the petition were also delivered to the Weldon city clerk on the same day by certified mail with return receipt requested.[2]

The city filed a special appearance in the district court on September 4, alleging that the court lacked jurisdiction over the appeal because Wade had failed to personally serve notice on the city clerk. On September 8 Wade personally served an original notice, a notice of appeal, and a petition on the city clerk.

The city then filed a second special appearance on September 26, which asserted that the district court still lacked jurisdiction because personal service had occurred more than thirty days after the mailing of the appraisement notice. *See* Iowa Code § 472.18. After a hearing the district court sustained the special appearance. The court ruled that the statutory requirement of personal service within thirty days had not been met, thus necessitating dismissal of Wade's appeal for lack of jurisdiction.

Wade now appeals this dismissal and offers three arguments for reinstating its original appeal. First, it contends that Iowa Code section 472.18 as amended in 1971 no longer requires notice of appeal to

---

1. Section 472.18 provides:
 After the appraisement of damages has been delivered to the sheriff by the compensation commission, the sheriff shall give written notice, by ordinary mail, to the condemner and the condemnee of the date on which the appraisement of damages was made, the amount of the appraisement, and that any interested party may, within thirty days from the date of mailing the notice of appraisement of damages, appeal to the district court. The sheriff shall endorse the date of mailing of notice upon the original appraisement of damages. At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party, or the adverse party's agent or attorney, lienholders, and the sheriff.

2. Wade states in its brief that it also served the sheriff and lienholders, as required by § 472.18, each time the city was served. Only the city is named as appellee in this court, however.

be served on other parties within thirty days of the mailing of the appraisement notice. Instead, Wade argues, section 472.-18 now requires only that the notice of appeal be filed with the district court within thirty days, which Wade did. Notice to other parties, in Wade's view, must simply be served within a reasonable time after the notice of appeal is filed with the court. Wade maintains that it met the latter requirement by personally serving the city clerk about one month after the notice of appeal was filed.

Second, Wade asserts that we should overrule an earlier decision and hold that Iowa Rule of Civil Procedure 55 should determine when an appeal from a compensation commission decision commences. It argues that, under this rule, simply filing the petition commences the appeal and tolls the limitation period.

Third, Wade claims it substantially complied with the chapter 472 service requirements by serving its notice and petition by mail within thirty days. It contends that the city clerk's receipt of the certified mailing should be construed as acceptance of service.[3]

We review the district court's decision on these issues to correct errors of law. Iowa R.App.P. 4.

I. *Does Iowa Code Section 472.18 as Amended in 1971 Require Service of the Notice of Appeal Within Thirty Days of the Appraisement Notice?*

■ Prior to 1971 Iowa Code section 472.18 provided: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken." During that same period section 472.19 provided in pertinent part: "Such notice of appeal shall be served in the same manner as an original notice."

Our cases interpreting both sections have held that the notice of appeal specified in section 472.18 had to be served within thirty days after the assessment in the same manner as an original notice. A failure to comply with both requirements was fatal to the jurisdiction of the district court. *See, e.g., Kenkel v. Iowa State Highway Comm'n,* 162 N.W.2d 762, 763–65 (Iowa 1968) (failure to serve highway commission within thirty days after assessment fatal to jurisdiction); *Harrington v. City of Keokuk,* 258 Iowa 1043, 1049–51, 141 N.W.2d 633, 637–39 (1966) (notice of appeal sent by certified mail to clerk of defendant-city held not to be personal service as required by section 472.19).

In 1971 the legislature amended section 472.18. Part of the change dealt with deleting the words "by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken" immediately following the words "district court." The new statute with the deleted words italicized reads in pertinent part:

> [A]ny interested party may, within thirty days from the date of mailing the notice of the appraisement of damages, appeal to the district court, *by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken.* At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party ... lienholders, and the sheriff.

Wade contends this deletion of words evinces the legislature's intent to change the method of perfecting a condemnation appeal. Wade argues that under the current section 472.18 there is no requirement that written notice must be served within thirty days of the appraisement notice. Consequently, a condemnation appeal is properly perfected if the notice of appeal is filed—even if not served—within thirty days.

---

**3.** This argument was not raised in the district court. Accordingly, we give it no further consideration. *See Hoekstra v. Farm Bureau Mut. Ins. Co.,* 382 N.W.2d 100, 107 (Iowa 1986). We note, however, that we rejected a similar argument in *Harrington v. City of Keokuk,* 258 Iowa 1043, 1049–51, 141 N.W.2d 633, 637–39 (1966).

Further, Wade argues, once the appeal is perfected, the appealing party has a reasonable time within which to serve the notice of appeal. Wade asserts the legislature made this change in the law because our interpretation of section 472.18 before 1971 often denied condemnation litigants their day in court.

The district court disagreed, and we do too for several reasons. First, as the district court correctly noted, section 472.18 still retains the thirty-day period for appeal. We think the meaning of this statute is plain: to perfect the appeal, an appealing party must serve the notice of appeal within thirty days of the appraisement notice.

Second, we agree with the district court's interpretation of section 472.19(2), which in pertinent part provides:

> In any condemnation proceeding instituted under this chapter by the state department of transportation in any court of the state wherein the property owner has delivered proper notice of appeal to the sheriff of the proper county with the intent that it be served immediately upon the person selected by the owner from among those persons designated for such service in subsection 1 [the attorney general, the department general counsel to the state department of transportation, or the chief highway engineer for the department], *the delivery of the notice of appeal to the sheriff shall be deemed a commencement of the appeal proceedings. If the sheriff, after delivery of notice of appeal, fails or is unable to serve the notice of appeal upon such designated person within the statutory period required under section 472.18, such inability or failure shall not deprive the court of jurisdiction of the appeal if the property owner shall, within twenty days after delivery of notice of appeal to the sheriff, make application for further direction as to service to the proper district court as provided by this section.*

(Emphasis added.) It is true this section refers to proceedings instituted by the state department of transportation. Nevertheless we, like the district court,

discern from the italicized language that the legislature recognized that the thirty-day service of notice requirement in section 472.18 is jurisdictional and necessary to perfect the appeal. We recently recognized that section 472.18 in its present form is jurisdictional, requiring "service of a timely written notice of appeal on all interested parties." *Chao v. City of Waterloo,* 346 N.W.2d 822, 824 (Iowa 1984).

Third, we think reasons other than the one suggested by Wade motivated the legislature to overhaul the language in section 472.18. For example, the old statute put the burden on the appealing party to determine the date of appraisement, which triggers the short thirty-day notice requirement. Obviously, under these circumstances, a party desiring to appeal may easily miscalculate and miss the appeal deadline. Such a risk is considerably reduced by the amendment language that requires the sheriff to notify, in writing, the condemner and condemnee of the date of the appraisement.

We now hold that section 472.18 requires that any interested party who wishes to appeal must give notice of appeal within thirty days from the mailing of the notice of appraisement, and a failure to do so deprives the district court of jurisdiction.

■ Applying our holding to the facts in this case, we conclude neither notice gave the district court jurisdiction. Although the first notice was mailed and received within the statutory thirty days, it was not served in the manner of an original notice as required by section 472.19(1). *See Harrington,* 258 Iowa at 1049–51, 141 N.W.2d at 637–39 (certified mail is not personal service under Iowa Rules of Civil Procedure); Iowa R.Civ.P. 56.1(h) (original notices are served upon a city by personal service of a copy on its mayor or clerk). The second notice was properly served; it was, however, served more than thirty days after the mailing of the appraisement notice. Thus, it was too late.

II. *Should Iowa Rule of Civil Procedure 55 Apply to Condemnation Appeals?*

We held in *Mazzoli v. City of Des Moines,* 245 Iowa 571, 574, 63 N.W.2d 218, 219–20 (1954), that the Iowa Rules of Civil Procedure pertaining to the commencement of an action did not apply to condemnation appeals under chapter 472. There the condemnee delivered the notice of appeal to the sheriff within the prescribed thirty days, but the sheriff did not serve the notice until after the thirty days had passed. The district court overruled the city's special appearance. On appeal the condemnee relied on Iowa Rule of Civil Procedure 49, which provided that delivery of an original notice to the sheriff for service commenced an action. Because the notice had been delivered to the sheriff for service within the prescribed thirty days, the condemnee argued the appeal had been commenced on time. We did not agree. *Mazzoli,* 245 Iowa at 574, 63 N.W.2d at 219–20.

Our analysis in *Mazzoli* began with sections 472.1 and 472.3. The pertinent language of both sections remains virtually unchanged from what it was when we discussed it in *Mazzoli.* Section 472.1 provides in part: "The procedure for the condemnation of private property ... unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter." Section 472.3 states in part: "Such proceedings shall be instituted by a written application filed with the chief judge [of the local judicial district]."[4]

A reading of chapter 472 and, more particularly, sections 472.1 and 472.3 convinced us that "exclusive jurisdiction is placed in the sheriff and commissioner and that only by the process of appeal does the district court obtain jurisdiction.... Its jurisdiction is appellate only." *Mazzoli,* 245 Iowa at 573, 63 N.W.2d at 219. After concluding that the district court's jurisdiction is appellate only, we took the next step. We reasoned that the condemnation appeal was not an original action; therefore, Iowa Rule of Civil Procedure 49, which talks in terms of "a commencement of an action," did not apply. *Mazzoli,* 245

Iowa at 574, 63 N.W.2d at 219–20. Since *Mazzoli* we have consistently said that chapter 472 appeals invoke the appellate, not the original, jurisdiction of the district court. *See, e.g., Chao,* 346 N.W.2d at 824; *Kenkel,* 162 N.W.2d at 764–65; *Carmichael v. Iowa State Highway Comm'n,* 156 N.W.2d 332, 335 (Iowa 1968); *Harrington,* 258 Iowa at 1046, 141 N.W.2d at 636.

In *Kenkel,* we rejected arguments to overrule *Mazzoli* and apply our rules of civil procedure to chapter 472. *Kenkel,* 162 N.W.2d at 765. Wade has resurrected those same arguments but this time on the strength of a new rule: Iowa Rule of Civil Procedure 55. That rule provides:

> For the purpose of determining whether an action has been commenced within the time allowed by statutes of limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the filing of a petition shall be deemed a commencement of the action.

■ Wade wants us to overrule *Mazzoli* and hold that chapter 472 condemnation appeals are original actions subject to rule 55. Under Wade's reasoning a condemnation appeal would commence with the filing of the petition in district court rather than with the personal service of the notice of appeal. Such filing would, of course, toll the thirty-day provision in section 472.18. *See* Iowa R.Civ.P. 55. In Wade's case, the district court would have jurisdiction because Wade did file a petition within thirty days of the appraisement notice and personally served the city clerk within a reasonable period of time thereafter.

It is true that our reasoning in *Mazzoli* has been criticized. *See, e.g., Kenkel,* 162 N.W.2d at 767 (Becker, J., dissenting) ("Adherence to the Mazzoli rule has, in my view, denied litigants their day in court on untenable technical grounds in at least three cases in the last three years."). Nevertheless, we were not persuaded to overrule *Mazzoli* in the face of that criticism, nor are we now.

---

4. At the time *Mazzoli* was decided, application was to be filed with the sheriff. *Mazzoli,* 245 Iowa at 573, 63 N.W.2d at 219.

The legislature is presumed to be aware of this criticism and has had thirty-four years to override our reasoning in *Mazzoli*. But it has chosen not to do so. To the contrary, the legislature impliedly adopted our reasoning in *Mazzoli* when it passed section 472.19(2). To accept Wade's reasoning would do violence to the language of that section as we have interpreted it in division I.

There is an additional reason why we should not abandon our holding in *Mazzoli*. That reason revolves around Iowa Rule of Civil Procedure 1 and section 472.1. Rule 1 states: "These rules shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise, or statutes not affected hereby provide different procedure in particular courts or cases." Thus, the rules of civil procedure do not apply in those cases in which statutes provide a different procedure. Section 472.1, as we previously stated, mandates that the procedure for condemnation shall be in accordance with chapter 472 unless otherwise provided by law. Sections 472.18 and 472.19 "establish a time limit and the procedure by which [a condemnation] appeal may be taken." *Harrington*, 258 Iowa at 1047, 141 N.W.2d at 636. Clearly, rule 55 is in conflict with these sections. Hence, the rule has no application to chapter 472 condemnation appeals. *Cf. Economy Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977) (filing but not serving within period provided by section 441.38 does not confer jurisdiction on district court because statute, not rule 55, governs jurisdiction).

Moreover, applying rule 55 to condemnation appeals would be contrary to what we have said about section 472.22. That section requires a petition to be filed "within twenty days after perfection of the appeal." The filing requirement is procedural, not jurisdictional. *Chao*, 346 N.W.2d at 824. Applying rule 55 to condemnation appeals would make the filing of the petition jurisdictional.

III. *Disposition.*

Wade's failure to appeal within the time specified in section 472.18 and in the manner required by section 472.19(1) deprived the district court of jurisdiction. The district court correctly sustained the special appearance and correctly dismissed the appeal. Accordingly, we affirm its ruling.

AFFIRMED.