Gregory A. JOHNSTON, Appellant,

v.

VETERANS' PLAZA AUTHORITY, Appellee.

No. 93–1700.

Supreme Court of Iowa.

May 24, 1995.

Gregory A. Johnston, Muscatine, pro se.

David Meloy and Linda A. Whittaker of Stanley, Lande & Hunter, Muscatine, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

The Muscatine County Board of Supervisors and the Muscatine City Council created the Veterans' Plaza Authority (VPA) to acquire a new jail site for the county. *See* Iowa Code § 346.27 (1991). The VPA notified the plaintiff, Gregory A. Johnston, that it proposed to condemn his land for this purpose. A compensation commission appraised the property. On September 1, 1992, the sheriff mailed to the VPA and Johnston a notice of appraisement of damages and advised them of their right of appeal. *See* Iowa Code § 472.18 (1991).[1]

Dissatisfied with the appraisal, Johnston filed a notice of appeal in the clerk's office and delivered a notice of appeal to the sheriff with directions for service. The sheriff did not actually serve the notice until October 14, 1992, nearly two weeks after the thirty-day deadline for appeal under section 472.18. The VPA moved to dismiss Johnston's petition for lack of subject matter jurisdiction based on the late notice. The court sustained the motion, and we affirm.

Iowa Code section 472.18 requires that a party appealing from an appraisement do so within thirty days of the sheriff's mailing of the notice of appraisement and at the same time to give written notice to any adverse parties. We have held that service of notice at the time of the appeal is mandatory and

1. Chapter 472 is now renumbered as chapter 6B.

jurisdictional. *See Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 721 (Iowa 1988).

The notice provisions of section 472.19(2) state:

> In any condemnation proceeding instituted under this chapter *by the state department of transportation* in any court of the state wherein the property owner has delivered proper notice of appeal to the sheriff of the proper county with the intent that it be served immediately ... the delivery of the notice of appeal shall be deemed a commencement of the appeal proceedings.

(Emphasis added.)

■ Johnston argues that sections 472.18 and 472.19(2) impermissibly create two classes: DOT condemnees, who merely need to deliver notice of the appeal to the sheriff within thirty days, and all other condemnees, who must actually serve the notice within thirty days.[2] Johnston contends that his appeal would have been timely if the DOT was the condemner. He raises both equal protection and due process arguments based on this distinction.

■ We presume that statutes are constitutional. *Krull v. Thermogas Co.*, 522 N.W.2d 607, 614 (Iowa 1994); *Iowa Auto Dealers v. Iowa State Appeal Bd.*, 420 N.W.2d 460, 462 (Iowa 1988). A challenger must show beyond a reasonable doubt that a statute violates the constitution and must negate every reasonable basis that might support the statute. *Krull*, 522 N.W.2d at 614 (citing *Harden v. State*, 434 N.W.2d 881, 885 (Iowa 1989)); *Kraft, Inc. v. Iowa Dep't of Revenue & Fin.*, 465 N.W.2d 664, 667 (Iowa 1991).

■ At the threshold of any equal protection or due process analysis, of course, is the determination of the type of scrutiny to be applied. *Glowacki v. State Bd. of Medical Examiners*, 501 N.W.2d 539, 541 (Iowa 1993); *West Des Moines State Bank v. Mills*, 482 N.W.2d 432, 436 (Iowa 1992). We employ a rational-basis analysis unless the challenged statute employs a suspect classification or burdens a fundamental right. *Glowacki*, 501 N.W.2d at 541; *Veach v. Iowa Dep't of Transp.*, 374 N.W.2d 248, 249 (Iowa 1985). Under the rational-basis test, a class distinction will survive if it rationally furthers a legitimate state interest. *Veach*, 374 N.W.2d at 249.

■ We need not decide whether strict scrutiny is the proper test. While Johnston raised an argument for strict scrutiny in his reply brief, this was too late. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) (arguments raised for first time in reply brief cannot be considered).

The VPA suggests that the reason for this distinction might have been a practical one— the difficulty in locating and serving the proper recipients for service on DOT condemnees, due to their broader geographic dispersion in many cases. Johnston does not rebut this possible basis for the distinction, nor does he attempt to negate any other rational basis for the distinction. Because the burden is on him to rebut the presumption of constitutionality, his constitutional argument must fail. We therefore affirm the dismissal.

**AFFIRMED.**

---

**2.** Johnston first raised the specific grounds of his constitutional argument in a motion to enlarge the court's order under rule of civil procedure 179(b), and the question is raised whether the argument was therefore waived. We do not address the procedural question, however, because we reject the argument on its merits.