Andrew D. NORGARD and Phyllis B. Norgard, Appellants,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Polk County, Iowa, Appellee.

No. 95–1025.

Supreme Court of Iowa.

Oct. 23, 1996.

Bert A. Bandstra, Knoxville, and James Q. Blomgren and Randall C. Stravers of Potho-ven, Blomgren & Stravers, Oskaloosa, for appellants.

Thomas J. Miller, Attorney General, and David A. Ferree and Carolyn J. Olson, Assistant Attorneys General, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER·CURIAM.

Andrew and Phyllis Norgard appeal the district court's dismissal of their appeal of the compensation commission's award. The district court found the Norgards' failure to file a timely appeal deprived it of jurisdiction. The Norgards argue: (1) Iowa Code section 6B.18 (1995) violates their constitutional due process rights; (2) their notice of appeal was timely; and (3) the State failed to comply with section 6B.18. We affirm.

I. *Background Facts and Proceedings.*

On January 17, 1995, the county compensation commission made an appraisement of damages awarding the Norgards $2800 for their condemned property and filed the appraisement report in the Polk County Deputy Sheriff's Office. On the same day Deputy Sheriff Mary Burton mailed the Norgards a "Notice of Appraisement of Damages and Time for Appeal" providing:

> You and each of you are hereby notified that the duly appointed and qualified commissioners assessed and appraised the damages sustained by reason of the condemnation as set out above, and that pursuant to the Code of Iowa, you may within (30) days from the date of the mailing of this Notice, appeal to the District Court as by law provided.

Neither the date of mailing of the notice nor the date of the appraisement appeared on this notice. Burton did endorse the mailing date of January 17, 1995 and the sheriff's facsimile signature on the original commission report as required by Iowa Code section 6B.18. The original report with the mailing date endorsed upon it was filed in the sheriff's office.

On February 17, 1995, thirty-one days after the date of mailing of the notice of ap-

praisement and time to appeal, the Polk County Sheriff's Office received the Norgards' notice of appeal. On February 20, 1995, thirty-four days after the notice of appraisement and time to appeal, the sheriff served the attorney general's office with the notice of appeal.

The Iowa Department of Transportation [hereinafter IDOT] filed a motion to dismiss the appeal on the basis that it was untimely. The Norgards resisted. Following a hearing the district court sustained the IDOT's motion and dismissed the appeal. Although the court determined that the notice of appraisement of damages and time for appeal was defective for failing to inform the Norgards of the date of appraisement, it concluded the notice provided "sufficient information to accurately calculate the statutory appeal period" under sections 6B.18 and 6B.19. The court noted that the date of mailing of the notice, not the date of appraisement, is the relevant date for purposes of calculating the time for appeal. The court held Norgards' failure to timely serve a notice of appeal on the IDOT deprived the court of jurisdiction to hear it.

The Norgards appeal.

## II. *Is Iowa Code Section 6B.18 Violative of Due Process?*

■ Iowa Code section 6B.18, Notice of appraisement—appeal of award, provides:

> After the appraisement of damages has been delivered to the sheriff by the compensation commission, the sheriff shall give written notice, by ordinary mail, to the condemner and the condemnee of the date on which the appraisement of damages was made, the amount of the appraisement, and that any interested party may, within thirty days from the date of mailing the notice of the appraisement of damages, appeal to the district court. The sheriff shall endorse the date of mailing of notice upon the original appraisement of damages. At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party, or the adverse party's agent or attorney, lienholders, and the sheriff.

The Norgards argue section 6B.18 violates due process because there is no requirement that the notice state the date of mailing, the date that triggers the appeal time. The State contends the parties may easily ascertain the date of mailing either by observing the postmark date on the envelope containing the notice or, failing this, by inquiring at the sheriff's office.

■ Where violations of basic constitutional safeguards are raised, the appellate court makes its own evaluation of the totality of the circumstances. *State v. Cullison*, 227 N.W.2d 121, 126 (Iowa 1975). Statutes are presumed to be constitutional. Iowa Code § 4.4. "A challenger must show beyond a reasonable doubt that a statute violates the constitution and must negate every reasonable basis that might support the statute." *Johnston v. Veterans' Plaza Auth.*, 535 N.W.2d 131, 132 (Iowa 1995).

■ Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). Section 6B.18 provides an opportunity for condemnees to present their objections to the appraisement and informs them of the time in which such objections must be made. We note that the date of mailing of the notice of appraisement and time for appeal may be ascertained by observing the postmark date on the envelope containing it. We do not believe section 6B.18 is violative of constitutional due process requirements.

## III. *Compliance with Section 6B.18.*

■ The Norgards assert the district court erred in finding their appeal was untimely. In addition, they contend the court erred in finding that the notice of appraisement and time for appeal they received substantially complied with the requirements of section 6B.18. Review of these issues is for errors of law. *Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 720 (Iowa 1988).

### A. Was Norgards' Appeal Timely?

 The Norgards argue that Iowa Rule of Civil Procedure 83(b) saves their appeal from being untimely. Iowa Rule of Civil Procedure 83(b) provides in pertinent part:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

We conclude that rule 83(b) only applies to measure time under deadlines established by the Iowa Rules of Civil Procedure. It does not apply to situations in which the time in which a particular action must be taken is fixed by statute. *Cf. Messina v. Iowa Dep't of Job Serv.*, 341 N.W.2d 52, 56–57 (Iowa 1983) (in which we made reference to rule 83(b) but then failed to apply that rule in computing time under a statute). Sections 6B.18 and 6B.19 establish the time in which an appeal of the compensation commission's award must be taken. Thus, we find rule 83(b) does not apply and the district court correctly concluded the Norgards' appeal of the compensation commission's award was untimely and deprived the court of jurisdiction. *See Wade Farms*, 419 N.W.2d at 723.

### B. Did the Notice of Appraisement and Time for Appeal Substantially Comply with Section 6B.18?

 The Norgards contend the notice of appraisement and time for appeal was defective because it did not show the date of appraisement and did not indicate the date it was signed or sent. They argue, therefore, the defective notice excuses their untimely appeal.

We have held that "[w]hile statutory provisions regulating the exercise of eminent domain must be strictly complied with ... this does not necessarily mean literal compliance with the notice statute is required; substantial conformity is sufficient." *S.M.B. Invs. v. Iowa–Illinois Gas & Elec. Co.*, 329 N.W.2d 635, 637 (Iowa 1983) (holding the notice of condemnation substantially complied with statute requiring that it apprise condemnee of the interests in the particular land which condemnor seeks and noting that if the condemnee had any doubts about the nature of interest in their property being sought "it could have merely looked at Iowa–Illinois' application for condemnation filed with the chief judge of the district court...."). We find the notice of appraisement and time for appeal, which informed the Norgards of their right to appeal and when the appeal must be taken, substantially conformed with the requirements of section 6B.18.

### IV. Summary.

We find section 6B.18 does not violate due process by failing to require that the date of mailing be stated in the notice of appraisement and time for appeal. We further find the notice of appraisement and time for appeal mailed to the Norgards substantially complied with statutory requirements. We affirm the district court's ruling dismissing the Norgards' appeal as untimely.

**AFFIRMED.**