# IN THE COURT OF APPEALS OF IOWA

No. 14-0768
Filed December 10, 2014

JAMES R. DESHAW and RUTH
A. DESHAW,
    Plaintiffs-Appellants,

vs.

JONES COUNTY, IOWA,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jones County, Marsha A. Bergan,

Judge.


Landowners appeal the dismissal of their appeal of the condemnation

commission's appraisement of damages. **AFFIRMED.**



John J. Hines of Dutton, Braun, Staack, Hellman, P.L.C., Waterloo, for

appellants.

Phillip W. Parsons, County Attorney, Anamosa, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Jones County condemned approximately 16.5 acres of James and Ruth DeShaws' land for use in a road improvement project. The DeShaws appealed the condemnation commission's appraisement of damages to the district court, contending the award was inadequate. On the county's motion, the district court dismissed the appeal as untimely filed pursuant to Iowa Code section 6B.18(2) (2013). We review the district court's ruling on a motion to dismiss a condemnation appeal for correction of errors of law. *See Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 720 (Iowa 1988).

Iowa Code chapter 6B sets forth the procedure for the condemnation of private property for public use. Iowa Code § 6B.1A. The Code provides that a compensation commission shall assess the damages which the property owner will sustain by reason of the appropriation. *See* Iowa Code § 6B.14(1). After the compensation commission has assessed the damages to the condemnee, either the condemnee or the condemnor may appeal the appraisement of damages to the district court. *See* Iowa Code § 6B.18; *Burnham v. City of W. Des Moines*, 568 N.W.2d 808, 810 (Iowa 1997). "An appeal of appraisement of damages is deemed to be perfected upon filing of a notice of appeal with the district court within thirty days from the date of mailing the notice of appraisement of damages." Iowa Code § 6B.18(2). In addition to timely filing a notice of appeal, the appealing party must serve the notice of appeal on the adverse party within thirty days of filing the same unless, for good cause shown, the district court grants additional time. *See id.* "Appeals from condemnation awards invoke the

appellate jurisdiction of the district court." *Chao v. City of Waterloo*, 346 N.W.2d 822, 824 (Iowa 1984). If the party seeking appellate review fails to follow the prescribed procedure, the district court obtains no jurisdiction and the appeal must be dismissed. *See Wade Farms*, 419 N.W.2d at 721; *Carmichael v. Iowa State Highway Comm'n*, 156 N.W.2d 332, 335 (Iowa 1968).

On July 2, 2013, the Jones County Sheriff mailed notice of the appraisement of damages and notice of appeal rights to the DeShaws. In an attempt to exercise their appeal rights, the DeShaws mailed four letters dated July 31, 2013, and postmarked August 1, 2013, from their residence in Texas to the Linn County Courthouse. Two of the four letters were addressed to the Chief Judge of the Sixth Judicial District, which contains Jones County, and two of the four letters were addressed to the Linn County Clerk of Court. Two of the four letters were then delivered and filed with the Jones County Clerk of Court on August 8, 2013. The remaining letters were delivered and filed with the Jones County Clerk of Court on August 12, 2013. On October 4, 2013, the DeShaws filed a Petition for Appeal of Condemnation Commissioners' Award of Damages. The DeShaws never served their letters or petition.

The county answered the DeShaws' petition and moved to dismiss the appeal. The county argued neither the DeShaws' petition nor the DeShaws' letters were filed in the district court in which the real estate was located within the thirty-day appeal period set forth in section 6B.18(2). The county further argued the DeShaws failed to timely serve their notice of appeal as required by section 6B.18(2). The DeShaws argued the appeal was timely filed because

they substantially complied with the filing and service requirements. The DeShaws further argued that the Jones County Sheriff's notice to them was defective and thus excused any noncompliance. Finally, the DeShaws argued the county suffered no prejudice because it had actual notice of the DeShaws' intent to appeal the appraisement of damages. The district court granted the county's motion to dismiss, holding the sheriff's notice was not defective and the DeShaws failed to timely perfect their appeal.

We conclude the district court did not err in dismissing the DeShaws' appeal. The sheriff mailed notice of the appraisement on July 2, 2013. The appeal period ended on August 1, 2013. The DeShaws did not file an appeal in the district court in which the real estate was located until they filed their petition on October 4, 2013, more than two months after the appeal deadline. Even assuming the DeShaws' letters constituted notice of appeal, the letters were not filed in Jones County until August 8, 2013, one week after the appeal deadline. The appeal was thus untimely and properly dismissed.

The DeShaws argue they substantially complied with the statutory appeal provisions by mailing letters to Linn County. Even assuming the letters constitute notice of appeal, we disagree. This case is largely controlled by *Schooler v. Iowa Department of Transportation*, 576 N.W.2d 604 (Iowa 1998). In that case, the court explained it had "strictly construed the requirements of sections 6B.18 and .19 in prior cases" and was "reluctant to change [its] interpretation of the statutory requirements . . . ." *Schooler*, 576 N.W.2d at 608. The court then rejected the same substantial compliance argument the DeShaws advance here, concluding

that while "'some latitude exists for upholding jurisdiction in this type of proceeding if substantial compliance with the statutory procedures is shown, we have recognized that this principle does not permit a court to extend the time within which an appeal may be taken.'" *Id.* (citation omitted). The DeShaws request we "revisit the harsh consequences of strict construction" set forth in *Schooler.* "Generally, it is the role of the supreme court to decide if case precedent should no longer be followed." State v. Miller, 841 N.W.2d 583, 584 n.1 (Iowa 2014). We thus decline the invitation to revisit the issue.

The DeShaws also argue their failure to timely file their notice of appeal in the correct county should be excused because the sheriff's notice, which triggered their appeal rights, was defective. The statute provides

> [T]he sheriff shall give written notice, by ordinary mail, to the condemner and the condemnee of the date on which the appraisement of damages was made, the amount of the appraisement, and that any interested party may, within thirty days from the date of mailing the notice of the appraisement of damages, appeal to the district court by filing notice of appeal with the district court of the county in which the real estate is located and by giving written notice to the sheriff that the appeal has been taken.

Iowa Code § 6B.18(1). Here, the sheriff's notice provided the date on which the appraisement of damages was made, the amount of the appraisement, and further stated "you may within (30) days from the date of mailing this Notice, appeal to the District Court as by law provided." The DeShaws argue the notice was defective because it failed to specify the appeal had to be filed in the district court of the county in which the real estate is located. While the argument has superficial appeal, we conclude it is unavailing.

A similar argument was addressed in *Norgard v. Iowa Department of Transportation,* 555 N.W.2d 226, 229 (Iowa 1996). In that case, the condemnees contended their untimely notice of appeal should have been excused because the sheriff's notice did not state the date of the appraisement or the date the notice of the award was sent. *Norgard*, 555 N.W.2d at 229. The court held that the notice substantially complied with the statutory provision for notice because it contained the time in which to file an appeal and because the date of mailing could be ascertained by the condemnees. *See id.* Similarly, in this case, the sheriff's notice provided the time period for appeal and directed the appeal must be made "to the District Court as by law provided." Thus, the notice contained by reference all required information and did not contain any misinformation on which the DeShaws detrimentally relied. The DeShaws were on notice to investigate the requirements of the law to protect their property rights. They failed to do so. "Because the notice informed the condemnees of their right to appeal and the time for such an appeal," the sheriff's notice substantially complied with section 6B.18. *Burnham*, 568 N.W.2d at 812.

The DeShaws also argue the dismissal of their action without further hearing violates due process. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Section 6B.18 provides an opportunity for condemnees to present their

objections to the appraisement and informs them of the time in which such objections must be made." *Norgard*, 555 N.W.2d at 228. Due process requires notice and the opportunity to be heard. There is no absolute right to be heard in contravention of statutorily imposed appeal deadlines. *See W. Iowa Co-op. v. Woodbury Cnty. Bd. of Review*, No. 05-0989, 2006 WL 1229940, at *3 (Iowa Ct. App. Apr. 26, 2006) (stating statutory procedures for appeal afforded litigant due process and adopting district court's proposition that "the fact that a property owner fails through his/her own fault to correctly follow this procedure should not be adjudged a violation of due process").

There is an undercurrent in the DeShaws' argument that should be addressed. The Deshaws note they were acting without counsel at the time they mailed their letters to Linn County. The decision to retain counsel or forego counsel is an important choice. Here, the DeShaws chose to proceed without counsel on an important and substantial matter. The fact the DeShaws exercised a choice to proceed without counsel does not excuse their noncompliance with statutory deadlines. *See Polk Cnty. v. Davis*, 525 N.W.2d 434, 435 (Iowa Ct. App. 1994) ("Substantial departures from appellate procedures cannot be permitted on the basis that a lay person is handling his own appeal. If lay persons choose to proceed pro se, they do so at their own risk.").

We hold the DeShaws' notice of appeal was not timely filed, the district court lacked jurisdiction to hear this case, and the district court did not err in

granting the county's motion to dismiss. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**