# IN THE COURT OF APPEALS OF IOWA

No. 24-0507
Filed April 9, 2025

**JASON T. ZILK and TERESA R. ZILK,**
    Plaintiff-Appellants,

**vs.**

**CITY OF DES MOINES,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Landowners appeal the dismissal of their challenge to the compensation awarded in a condemnation proceeding. **AFFIRMED.**

David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for appellant.

John O. Haraldson, Assistant City Attorney, Des Moines, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jason and Teresa Zilk appeal the dismissal of an action challenging the amount of compensation awarded for property condemned by exercise of eminent domain under Iowa Code chapter 6A (2023). Because substantial evidence supports the district court's finding that the Zilks failed to substantially comply with the statutory notice provisions or show good cause for failing to do so, we affirm.

**I. Background Facts and Proceedings.**

The City of Des Moines condemned the Zilks' property as part of a plan to build a new fire station. On October 12, 2023, the Polk County Compensation Commission appraised the Zilks' damages and awarded them $42,500. On October 21, the sheriff sent the Zilks a notice of appraisement of damages and time for appeal as required by Iowa Code section 6B.18(1). The notice quoted the portion of that section outlining the requirements for an appeal to the district court:

> [A]ny interested party may, within thirty days from the date of mailing the notice of appraisement of damages, appeal to the district court by filing notice of appeal with the district court of the county in which the real estate is located and by giving written notice to the sheriff that the appeal has been taken.

Iowa Code § 6B.18(1).

On November 10, the Zilks appealed the damage appraisal to the district court. The Zilks filed their petition on December 10, alleging the commission did not fairly and accurately determine the amount of damages. On December 18, they served the notice of appeal and petition on the city.

The city filed a pre-answer motion to dismiss on December 28 claiming the Zilks failed to substantially comply with the notice requirements by serving. The city alleged that the Zilks did not perfect their appeal because they served the

petition eight days past the thirty-day deadline set out in Iowa Code section 6B.18(2). The Zilks resisted, claiming they substantially complied with the notice requirement, any failure was inadvertent, and any error was harmless. In the alternative, they asked the court to extend the deadline by eight days to comply with the notice requirement.

After a hearing, the district court found that when a party fails to meet the service deadline and no extension has been granted, the court must dismiss the case unless the plaintiff shows good cause for the delay. It held that because good cause exists only when an extension is requested before expiration of the deadline, the Zilks failed to show good cause for the delay. Because they failed to meet the statutory requirements to perfect their appeal, the court held it lacked jurisdiction and dismissed the appeal.

The Zilks appeal the dismissal. They challenge the district court's interpretation of the requirements for perfecting an appeal under section 6B.18 and its determination that they did not substantially comply. They also contend that the court should have granted additional time to serve notice on the city.

**II. Scope and Standard of Review.**

We review the dismissal for correction of errors at law. *See Brendeland v. Iowa Dep't of Transp.*, 14 N.W.3d 135, 142 (Iowa 2024), *as amended* (Nov. 25, 2024); *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000) ("Our review of a district court ruling on a motion to dismiss for failure to serve in a timely manner an original notice pursuant to rule [1.302] is for correction of errors at law."). The district court's findings bind us on appeal if supported by substantial evidence. *Carroll*,

610 N.W.2d at 857. But we are not bound by its application of legal principles or conclusions of law. *Id.*

**III. Discussion.**

Section 6B.18(2) sets out the requirements for a party to appeal the appraisement of damages in a condemnation proceeding. First, the party must file a notice of appeal with the district court within thirty days from the date the sheriff mails the notice of appraisement of damages. Iowa Code § 6B.18(2). The appealing party must also serve the notice of appeal on the adverse party "in the same manner as an original notice within thirty days from the date of filing the notice of appeal." *Id.* But the district court can grant the appealing party more than thirty days to serve the adverse party notice "for good cause shown." *Id.*

Because section 6B.18(2) requires service to the adverse party in the manner of an original notice, we turn to Iowa Rule of Civil Procedure 1.302, which describes that process. Besides setting out the necessary information to be included in the original notice, the rule requires that it be served with a copy of the petition unless service is made by publication. Iowa R. Civ. P. 1.302(1), (3). "The plaintiff is responsible for service of an original notice and petition within the time allowed under rule 1.302(5) . . . ." Iowa R. Civ. P. 1.302(3). Rule 1.302(5) allows ninety days after filing the petition to make service of the original notice. If it is not made within that time, the court "shall dismiss the action without prejudice" unless the court extends the time for service for good cause shown. Iowa R. Civ. P. 1.302(5); *accord Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006) (stating that if no order extends the time for service, any delay in service is considered

"presumptively abusive" and the rule requires dismissal unless there is good cause for the delay).

In determining whether the Zilks complied with the notice requirements for appealing the damage appraisement, the district court held that the requirements for serving original notice in rule 1.302 apply. But the court determined that section 6B.18(2) reduces the time in which service must be made in rule 1.302(5) from ninety days to thirty days. Without an extension for service, the court found the Zilks had to serve the city the notice of appeal and petition within thirty days of filing the notice of appeal. It is undisputed that the Zilks served the city thirty-eight days after filing the notice of appeal. The court held that the Zilks' failure to comply with section 6B.18(2) or show good cause for the delay deprived it of jurisdiction over the appeal and granted the city's motion to dismiss.

The Zilks claim that "the district court failed to give credit to the legislature's 2002 amendments to Iowa Code [section] 6B.18, which substantially changed the requirements to perfect a condemnation appeal." Before 2002, section 6B.18 stated: "At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party . . . lienholders, and the sheriff." Iowa Code § 6B.18 (2001). The supreme court interpreted the language to require service within thirty days of the mailing of the notice of appraisement. *Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 721 (Iowa 1988). The 2002 amendment of section 6B.18 deleted that requirement and added the language of subsection 2, stating:

> An appeal of appraisement of damages is deemed to be perfected upon filing of a notice of appeal with the district court within thirty days from the date of mailing the notice of appraisement of

> damages. The notice of appeal shall be served on the adverse party, or the adverse party's agent or attorney, and any lienholder and encumbrancer of the property in the same manner as an original notice within thirty days from the date of filing the notice of appeal unless, for good cause shown, the court grants more than thirty days.

2002 Iowa Acts ch. 1063, § 2.

The Zilks note that cases predating the 2002 amendment hold "that if the appellant in a condemnation case fails to follow the prescribed procedure for perfecting an appeal, the district court does not obtain jurisdiction and the appeal must be dismissed." *Schooler v. Iowa Dep't of Transp.*, 576 N.W.2d 604, 607 (Iowa 1998); *Scoular-Bishop Grain Co. v. Iowa State Highway Comm'n*, 140 N.W.2d 115, 117 (Iowa 1966) ("Failure to serve an adverse party within the time provided by section [6B].18 is fatal to the jurisdiction of the district court."). Focusing on the use of "perfected" in section 6B.18(2), the Zilks argue that it pertains only to the requirement of filing a notice of appeal with the district court, not the service requirement.

If the service requirement of section 6B.18(2) is procedural rather than jurisdictional, rule 1.302(5) still requires dismissal if a party fails to serve the adverse party within the time limit unless the court grants more than thirty days "for good cause shown." *See Kozik v. Iowa Dep't of Transp.*, No. 20-0941, 2021 WL 4592839, at *2 (Iowa Ct. App. Oct. 6, 2021) (affirming dismissal of a condemnation appeal as untimely because the appealing party failed to serve the adverse party within thirty days of filing the notice of appeal). So, we turn to the Zilks' claim that the district court erred by denying their motion for additional time to serve the city. Good cause requires "some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of [the plaintiff], from

taking such an affirmative action." *Crall*, 714 N.W.2d at 620 (citation omitted). Although the Zilks claim the notice service requirements of section 6B.18 are confusing, misunderstandings do not excuse the delay in service. *See Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 669 (Iowa 1998); *see also Rucker v. Taylor*, 828 N.W.2d 595, 601 (Iowa 2013) ("[D]ismissal for failing to timely accomplish service of process is appropriate when the failure results from inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service." (cleaned up)).

The Zilks failed to serve the city within thirty days of filing the notice of appeal or to request more time for service before the deadline expired. Substantial evidence supports the district court's finding that the Zilks failed to show good cause for failing to serve the city within the deadline provided in section 6B.18. We therefore affirm the district court's order dismissing their appeal of the damage appraisement in a condemnation proceeding.

**AFFIRMED.**