## HAHN v. THE C., O. & ST. J. R. Co.

1. **Ad Quod Damnum:** RIGHT OF WAY: APPEAL. An appeal from an award of damages for right of way by the sheriff's jury may be taken by serving the opposite party or his attorney, and it is not essential that service be also made upon the sheriff, nor is it requisite that the report of the jury be filed in the appellate court. The notice of appeal constitutes presumptive evidence that an assessment has been made.

*Appeal from Cedar Circuit Court.*

THURSDAY, JUNE 8.

THE record shows that on the 18th day of November, 1872, there was filed in the office of the clerk of the Circuit Court of Johnson county a notice, which is in the following words:

"IN THE CIRCUIT COURT OF THE STATE OF IOWA,

*In and for Johnson County.*

"WM. HAHN & LOUISA HAHN, *Plff's,*
           *vs.*
· THE CHICAGO, OMAHA & ST. JOSEPH RAILROAD.
}  Notice of appeal.

"*To the Chicago, Omaha & St. Joseph Railroad Company, Rush Clark, C. T. Ransom, R. S. P. McCaddon, or S. J. Kirkwood:*

"You will please take notice that we have appealed from the assessment of damages made by the commissioners appointed by S. P. McCaddon, sheriff of Johnson county, State of Iowa, on the 26th day of August and the 14th day of September, A. D. 1872, on our land for right of way for said Railroad Company. The land described as follows, to-wit: The west half of the southwest quarter of section 27, in township 80, north of range 5, west of the 5th P. M., to the Circuit Court of the State of Iowa, in and for Johnson county, and that such an appeal will be brought on for further proceeding at the November term of the Circuit Court, to be begun and held at the court house in Iowa City, in said county, on the 18th day of November, A. D. 1875.

"HAHN & WIFE,                   CORNELL & BRO.,
    *Plaintiffs.*                  *Att'ys for Plaintiffs.*"

On the notice was a return showing service upon C. T. Ransom as attorney and S. J. Kirkwood as president.

Afterwards the said railroad company appeared in said case and filed a motion and affidavits for a change of venue, styling the case wrongly "Louisa Hahn vs. C., O. & St. Jo. R. R. Co." The motion was granted and the place of trial changed to the Circuit Court of Cedar county, and a transcript of the said notice and motion and affidavits was filed in said court.

Afterwards the defendant appeared in said court and filed a motion to dismiss the case, still styling it wrongly "Louisa Hahn vs. Chicago, Omaha & St. Jo." R. R. Co., which motion was based upon the following grounds:

"1.    No appeal was ever perfected, yet any assessment attempted to be appealed from was made in 1872.

"2.    No appeal was ever taken.

"3.    No case is in fact pending in this court, constituting an appeal which this court can try."

This motion was overruled, to which defendant excepted. There was a jury trial, and judgment for plaintiff. Defendant appeals.

*Wolf, Landt & Yates* and *Boal & Jackson*, for appellant.

*Cornell Bros. & Cone* and *Piatt & Carr*, for appellee.

ADAMS, J.—I.    It is claimed by the appellee that the plaintiffs never took an appeal from the assessment of the

1. AD QUOD DAMNUM: right of way: appeal.

sheriff's jury.    It is contended that it was not sufficient for the plaintiff to give notice of an appeal to the defendant; but that it should have been given also to the sheriff, upon whom the law imposes the duty of filing and preserving such report as may be made to him by his jury.    The appellee assumes that the report of the sheriff's jury must be filed in the appellate court, as constituting the record of the case without which the court cannot proceed to try it.    But such we think is not the law.    The statute not only does not require that the report of the sheriff's jury should be filed in court, but we think it would be improper to file it there, especially as a part of the record upon which the case is to be there tried.

The statute requires that the sheriff shall file and *preserve* the report, by which we understand that he is made its permanent custodian; and the same, with proof of payment, constitutes the railroad company's evidence that it has acquired a right of way.

Besides, the assessment is to be made *de novo* and without any reference to the assessment which has been made. It is true that the court does not take jurisdiction except by appeal, and that it should appear that there was an assessment from which an appeal can be taken. But as the statute does not give the land-owner control over the report, nor provide for the filing of either the original or a copy in court, the notice of appeal will be deemed presumptive evidence that an assessment has been made.

The report is not necessary to show the land through which the right of way is sought. That may and should be shown in the notice of appeal, as without it there could be no identification of the assessment from which the appeal is taken. With a proper notice of appeal the court has all that is necessary as a record. Evidence may be necessary, to be sure, for the identification of the part taken for the right of way, but such identification need not appear in the court records. The sheriff's records, in connection with the records of the company, constituted before appeal sufficient muniments of title to the right of way, and as the appeal can change nothing but the assessment, such records are sufficient afterwards.

II. The appellant claims that the case was certified from Johnson county as if Louisa Hahn was sole plaintiff. The abstract shows a transcript from Johnson county of the papers there on file. In the notice of appeal, which must govern, the case is properly entitled William Hahn and Louisa Hahn vs. The Chicago, Omaha & St. Joseph Railroad Co. The defendant in the papers filed by it persisted in misnaming the case, but defendant can of course be allowed to derive no advantage from that fact.

AFFIRMED.