## THARP v. WITHAM.

1. **Constitutional Law:** RIGHT TO JURY TRIAL: TAKING LAND FOR HIGHWAY. One jury trial is all that is guarantied by the constitution; and where such trial can be secured by appeal to the district or circuit court, and a party fails to appeal, he thereby waives his right to such a trial. (*State v. Beneke*, 9 Iowa, 203; *Zelle v. McHenry*, 51 Id., 572.) The rule in this case applied to the action of the board of supervisors in refusing to allow damages to a claimant in the establishment of a highway.

2. ————: TAKING PRIVATE PROPERTY: COMPENSATION: WAIVER OF RIGHT. Compensation for property taken for public purposes is guarantied by the constitution only where the owner pursues the usual and ordinary forms and remedies provided by law to obtain such compensation. By failing to avail himself of such remedies, he waives the right.

3. **Highway:** INJUNCTION TO RESTRAIN OPENING OF: DAMAGES FOR OPENING WITHOUT NOTICE. In an action to enjoin the opening of a highway because not legally established, damages cannot be recovered for opening it without legal notice.

*Appeal from Van Buren District Court.*

THURSDAY, MARCH 19.

THE defendant is a road supervisor, and the plaintiff brought this action to enjoin him from opening a highway, on grounds sufficiently indicated in the opinion. A temporary injunction was granted, which was dissolved on motion, and, at the final hearing of the petition, was dismissed. The plaintiff appeals.

*Lea, Wherry & Walker*, for appellant.

*Sloan, Work & Brown*, for appellee.

SEEVERS, J.—The highway was lawfully established by the board of supervisors, and the defendant was lawfully proceeding to open the same, unless the objections made thereto by the plaintiff are sufficient to invalidate the highway. The

plaintiff filed before the board of supervisors in 1880 a petition, claiming $500 as damages sustained by him, caused by the location of the highway. Commissioners were appointed to assess such damages, which they did, and reported to the board that the plaintiff was damaged in the sum of $18. Afterward, in September, 1880, the board of supervisors, at the time fixed for final hearing, set aside the damages allowed by the commissioners, and established the highway. No appeal was taken from this action of the board, and this suit was not commenced until about eighteen months afterwards. Counsel for the appellant insist:

I. That private property cannot be taken or appropriated for public purposes except by due process of law, which means in the due course of legal proceedings, included in which is the right of trial by a jury of twelve men; and that, as the plaintiff's damages were not assessed by such a jury, the highway has not been lawfully established. From the decision of the board of supervisors, setting aside the damages allowed the plaintiff by the commissioners, he could have appealed to the circuit court, and, had he done so, he could have had his damages assessed by a jury of twelve men. Code, § 959. It has been held that " one jury trial is all that is guarantied by the constitution," " and that is preserved by allowing an appeal, when the cause " can be tried by a constitutional jury. *State v. Beneke*, 9 Iowa, 203; *Zelle v. McHenry*, 51 Id., 572. By failing to appeal the plaintiff waived his right to a trial by such jury.

II. The board of supervisors had jurisdiction of the parties and the subject-matter. Their order setting aside the report of the commissioners allowing the plaintiff damages, was, at most, erroneous, and could have been corrected on appeal. The plaintiff failed to obtain damages by his own fault and negligence. It is true that he has been deprived of his property without compensation, but this result has not been accomplished

*(margin notes)* 1. CONSTITUTIONAL law: right to jury trial: taking land for highway.

2. ——: taking private property: compensation: waiver of right.

by illegal means. On the contrary, it has been done in accordance with due process of law. Compensation for property taken for public purposes is guaranteed by the constitution only where the usual and ordinary forms and remedies provided by law are adopted by the person desiring to obtain such compensation. Having failed to avail himself of such remedies, the plaintiff cannot be permitted to say that he has been deprived of a constitutional guaranty.

III. It is insisted that the defendant could not lawfully open the highway without giving the plaintiff notice, as prescribed in Code, § 903. Conceding this to be so, we do not think plaintiff can, in this action, recover any damages he may have sustained. Having determined that the highway has been lawfully established, and that plaintiff is not entitled to the aid of a court of equity to restrain the defendant from opening it, this ends the case. The damages sustained by reason of cattle escaping from plaintiff's enclosure is not incidental to the equitable relief demanded. Besides this, the right to an injunction is not based on the failure to give such notice.

3. HIGHWAY: injunction to restrain opening of: damages for opening without notice.

AFFIRMED.