OSCAR THORSON, Appellee, v. CITY OF DES MOINES, Appellant.

JESSE REIMER, Appellee, v. CITY OF DES MOINES, Appellant.

**EMINENT DOMAIN:** Award—Perfecting Appeal.  Notice of appeal from an award of damages under the Eminent Domain Act *must* be served on the sheriff.  (Sec. 2009, Code Supp., 1913.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

SEPTEMBER 30, 1921.

OPINION ON REHEARING JUNE 23, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

THESE two cases were docketed separately, but submitted together.  Plaintiff's motion to dismiss the appeal to the district court was sustained, on the ground that no notice of appeal from the assessment by a sheriff's jury was served upon the sheriff, as required by statute.  The defendant appeals.— *Affirmed.*

*Charles W. Lyon, E. J. Frisk, Chauncey A. Weaver,* and *Russell Jordan,* for appellant.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellee.

Preston, J.—Much of appellant's abstract is denied by appellee's additional abstract. There has been no certification. We take the additional abstract as true. It is therein stated, and not denied, that said amendment contains the entire record of the lower court, up to and including the time of the entry of the judgment or order of dismissal. On July 29, 1919, there was filed in the office of the clerk of the district court of Polk County, Iowa, the following notice of appeal (omitting caption):

"To Oscar Thorson: You are hereby notified that the city of Des Moines appeals from the action of the sheriff's jury in awarding you the sum of twelve hundred dollars ($1,200) for a strip of ground in Lot 2, Union Place, to be used as an easement for the construction of a storm sewer, and that this appeal will be heard at the September term of the Polk County district court, which convenes on Tuesday, September 2, 1919.

"[Signed by attorneys for city.]

"Service accepted this 22d day of July, 1919.

"O. Thorson."

The notice is entitled, "Oscar Thorson, plaintiff, v. City of Des Moines, defendant.—Notice of Appeal."

Another notice was given in the Reimer case, and filed July 29, 1919, in the clerk's office, except that the caption names Jesse Reimer as plaintiff, and the city of Des Moines and John F. Griffin, sheriff of Polk County, Iowa, as defendants, and the notice is addressed to Jesse Reimer and John F. Griffin, sheriff, etc., and the return of service thereon is as follows:

"State of Iowa, Polk County, ss. I hereby certify that this notice came into my hands this 24th day of July, 1919, and that I personally served the same on plaintiff by reading to him the said notice and by delivering a copy thereof.

"[Signed] Wm. Kern."

It does not appear that Kern was an officer, and the return is not sworn to. That, however, is not the main point relied

upon by appellees in their motion to dismiss, as will appear later. The only service of notice of appeal in either case is as above shown. The notices were filed more than ten days prior to the September, 1919, term of the district court. The record shows no subsequent filings of any kind at said term of court, nor at the November term, 1919, nor at' the January, 1920, term. It thus appears that no notice was ever served upon the sheriff in either case,—at least, there is no showing that notice was ever so served, and it is appellee's contention that none was ever served. At the March, 1920, term of said court, and on March 10th, the plaintiff in each case moved the court to dismiss the alleged appeal taken by the city of Des Moines, on four grounds: First, the notice of appeal was not filed in the district court within 30 days after the award; second, because the notice is not sufficient, under the statute, in that it is directed only to Oscar Thorson, who is the plaintiff, and is not directed to both Thorson and the sheriff, as required by the statute; third, it does not appear that it was ever served on both Thorson and the sheriff, as required by the statute; and fourth, the notice fails to affirmatively show that the service thereof was made in 30 days from the award of the sheriff's jury, on the parties required by the statute, to wit, Thorson and the sheriff. It is a fact that, in the Thorson case, the notice was directed to Thorson alone. Such is not the fact in the Reimer case. The notices of appeal do not show the date of the award. It does appear in the appellant's abstract, but that is denied by appellee's additional abstract, and in said additional abstract the date of the award is not shown. Whether the notices were filed in the clerk's office within 30 days from such award or assessment, does not appear. This may not be so important; since, if the notice was properly served, and on the proper parties, under the provisions of the statute, appellee may have the case docketed. It is unnecessary to discuss that feature of the case, because, as said, the main point relied upon by appellee was that no notice of appeal was served upon the sheriff in either case, as required by the statute, and that, therefore, the district court had no jurisdiction. The statute, Section 2009, Code Supplement, 1913, provides that:

"Either party may appeal from such assessment to the dis-

trict court, within thirty days after the assessment is made, by giving the adverse party, * * * and the sheriff notice in writing that such appeal has been taken," etc.

The statute seems to be plain, and we think appellee's point was well taken, and the appeals properly dismissed. Where the statute provides the mode of procedure, the provisions must be pursued, and the parties cannot substitute a different mode. 20 Corpus Juris 1103. *Buckmiller v. Creston, W. & D. M. R. Co.,* 164 Iowa 502, holds that the service must be made upon the sheriff. In *Simons v. Mason City & F. D. R. Co.,* 128 Iowa 139, 146, it was said that:

"The appeal is taken and perfected by the service of notice on the adverse party and the sheriff. From that time down until the final disposition of the case, it is in the court to which the appeal is taken."

Other cases cited by appellee on this point are *Phillips v. Follet,* 69 Iowa 39; *McClellan v. McClellan,* 2 Iowa 312; *In re Estate of Anderson,* 125 Iowa 670; *German Am. Sav. Bank v. Council of City of Burlington,* 118 Iowa 84; *City Council of Marion v. National Loan & Inv. Co.,* 122 Iowa 629. We shall not take the time to review the cases.

Appellee cites *Spurrier v. Wirtner,* 48 Iowa 486, to the proposition that an appearance to move to dismiss an appeal does not waive notice or confer jurisdiction. See, also, *Bedford v. Board of Supervisors,* 162 Iowa 588, 592. Appellant appears to concede the rule to be as appellee claims, so far as the service on the sheriff is concerned, for they say in argument:

"An appeal in actions of this nature is perfected by filing with and serving upon both the sheriff and the plaintiff-appellee the notice prescribed by law."

Appellant's argument proceeds, for the most part, upon the assumption that notice was served upon the sheriff, as recited in appellant's abstract. However, they cite *Hahn v. Chicago, O. & St. J. R. Co.,* 43 Iowa 333, as holding that it is not essential that service be made upon the sheriff. But in that case, other questions were relied upon more than that. In that case, the appeal was by the landowner, and the defendant railway was seeking to dismiss. Appellant also cites *Buckmiller v. Creston, W. & D. M. R. Co.,* supra, and a statement therein that the

sheriff is not interested in the appeal. Later in the opinion, however, it was said that service on the sheriff was necessary, because the statute requires it. The question in that case was whether the sheriff was disqualified from serving notice on the other party. In the instant case, appellant's cases refer more to the question as to the necessity of filing the notice of appeal within 30 days after the assessment, and filing other papers with the clerk, and hold that delay or failure of the sheriff to file the notices, transcript, etc., does not deprive the court of jurisdiction. But these authorities do not meet the proposition advanced by appellee, that no notice was served upon the sheriff, and that it was necessary to do so.

As said, we think that, under the statute, it was necessary to serve the sheriff. The statute was not complied with. The appeal was properly dismissed, and the order and judgment of the district court is—*Affirmed.*

STEVENS, C. J., EVANS and DE GRAFF, JJ., concur.