LILLIAN HARRINGTON, appellant, v. CITY OF KEOKUK, IOWA, a municipal corporation, appellee.

No. 52043.

(Reported in 141 N.W.2d 633)

1044

APRIL 5, 1966.

Penick, Wooleyhan & Nielson, of Quincy, Illinois, and Dickinson, Throckmorton, Parker, Mannheimer & Raife, of Des Moines, for appellant.

Boyd, Walker & Concannon, of Keokuk, for appellee.

LARSON, J.—The legal questions presented to us are whether a properly worded notice of appeal in a condemnation proceeding brought under chapter 472 of the 1962 Code and sent by United States registered mail to the clerk of defendant-city and to the sheriff of the county, met jurisdictional requirements, and whether this type of service of notice complies with and satisfies the provisions of sections 472.18 and 472.19 of the Code and rule 56, Rules of Civil Procedure. The trial court held this type of service did not meet these requirements and sustained defendant's special appearance. We agree.

Subsequent to the return of an award on February 15, 1965, by the sheriff's commission, plaintiff's attorney sent by United States registered mail, return receipt requested, to the clerk of the City of Keokuk, on the 10th day of March, 1965, the following Notice of Appeal:

"YOU ARE HEREBY NOTIFIED that the undersigned owner of certain real estate hereinafter described hereby appeals to the District Court in and for Lee County, Iowa, from a certain assessment made at the behest of said City of Keokuk on the 15th day of February, 1965, for condemnation of the following property, to-wit: [description set out], said assessment being in the amount of $8,000.00; and that this Appellant will seek from said Court a determination of the fair and proper value of said prop-

erty for condemnation by said Appellee. Dated this 9th day of March, 1965."

To this notice he attached a "Certificate and Proof of Service" and sent it to the Clerk of the Lee County District Court.

After thirty days had passed since the commissioner's award, on March 25 the sheriff certified all documents required by section 472.35 to the county recorder for recording.

On March 30 there was delivered to the sheriff in a like manner a similar "Notice of Appeal."

On or about April 9, 1965, the defendant-city filed a special appearance challenging the jurisdiction of the district court and alleging the plaintiff had failed to serve the required notice of appeal on the city as required by law, i.e., in the same manner as an original notice and in accordance with section 472.19 of the Code, and that the plaintiff had failed to serve a written notice of appeal on the sheriff within thirty days after the award return as required by section 472.18 of the Code.

Appellant contends the trial court erred in not holding her notices substantially comply with the requirement of these sections, and further contends, if they do not, the requirements are so restrictive that they are in violation of Article I, section 18, of the Iowa Constitution, which provides: "Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken." She maintains under this section that she was entitled to a jury trial and that the notice given the condemnor was sufficient to invoke the jurisdiction of the district court.

■ I. The law is well settled in this jurisdiction that the district court has appellate jurisdiction only in condemnation cases. Mazzoli v. Des Moines, 245 Iowa 571, 63 N.W.2d 218; Bisenius v. Palo Alto County, 256 Iowa 196, 127 N.W.2d 128.

■■ The right to appeal or to have a judicial determination of damages, although constitutionally provided in Article I, section 18, of the Iowa Constitution, is limited by reasonable and proper statutory procedure for perfecting an appeal to the dis-

trict court. Mazzoli v. Des Moines and Bisenius v. Palo Alto County, both supra. If district court review is desired by either party, notice thereof must be given in substantial compliance with the statutes. Bales v. Iowa State Highway Comm., 249 Iowa 57, 60, 86 N.W.2d 244, and cases cited. If one fails to follow the legally prescribed manner and procedure in giving notice, the district court obtains no jurisdiction, and condemnee can blame only himself if his damage is not passed upon by a jury. Dunlap v. Pulley, 28 Iowa 469.

This does not mean that appellant is not entitled to compensation for his property taken for a public use. That is guaranteed him by the constitution, but he is only entitled to it in the manner prescribed by law. Connelly v. Griswold, 7 Iowa 416. If an appeal is not taken, the commissioner's award stands.

Clearly, the legislature has the power to prescribe and fix the terms and conditions upon which condemnations may be made, including reasonable terms and conditions upon which the landowner may perfect his appeal to the district court. Richardson v. Centerville, 137 Iowa 253, 114 N.W. 1071.

Neither section 472.18 nor section 472.19, applicable here, denies the right of appellant to appeal the sheriff's commission's determination of damages to the district court. These sections merely establish a time limit and the procedure by which an appeal may be taken. Without proper and reasonable procedural guidelines, there could be no finality to eminent domain proceedings and the parties would be unable to determine when litigation ceased.

In our opinion there is little doubt that the legislature properly enacted these procedural sections in chapter 472 of the Code, and, unless for some reason that does not occur to us they are unreasonable and unjust, they must be followed by interested parties in order to claim the constitutional guarantee. They must be presumed constitutional, and that presumption has not been overcome. Tharp v. Witham, 65 Iowa 566, 22 N.W. 677; Dunlap v. Pulley, supra, 28 Iowa 469; 16 Am. Jur.2d, section 137, page 336.

II. The provisions of sections 472.18 and 472.19, Code of Iowa, 1962, are clear. We think they establish a proper proce-

dure for obtaining district court consideration of awards in condemnation matters, and that the establishment of such an orderly process of procedure as to the manner of service of notice is not only desirable but necessary in such matters. We have so held in Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241.

Section 472.18 provides: "Any party interested may, within thirty days after the assessment [of damages by the sheriff's commission] is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

Section 472.19, insofar as applicable here, provides: "Such notice of appeal shall be *served in the same manner* as an original notice. * * *." (Emphasis supplied.)

These sections properly implement the constitutional provisions of Article I, section 18, by providing an orderly manner of seeking appellate review and a judicial determination of the condemnation award. Thus, the right to trial by jury does exist if it is timely demanded. Iowa Development Co. v. Iowa State Highway Comm., 255 Iowa 292, 296, 297, 122 N.W.2d 323. Review is readily obtained by substantially meeting these reasonable requirements. Bales v. Iowa State Highway Comm., supra.

 III. It is conceded appellant failed to notify the sheriff in any manner within the thirty-day period set forth in section 472.18, but she contends timely notice to the sheriff is not required. The claim is made that the provision for service of notice upon the sheriff is ministerial rather than jurisdictional, but in view of our past pronouncements and the holding in Thorson v. Des Moines, 194 Iowa 565, 568, 188 N.W. 917, it would appear that such failure would defeat the jurisdiction of the district court to proceed with the review. In the Thorson case we said: "The statute seems to be plain, * * *. Where the statute provides the mode of procedure, the provisions must be pursued, and the parties cannot substitute a different mode. 20 Corpus Juris 1103. Buckmiller v. Creston, W. & D. M. R. Co., 164 Iowa 502, holds that the service must be made upon the sheriff." Also see Simons v. Mason City & F. D. R. Co., 128 Iowa 139, 146, 103 N.W. 129, which is in accord.

Chapter 472 grants to the sheriff exclusive jurisdiction of condemnation proceedings and places upon him the duty to keep all records of the proceedings. It is by these records and documents that the condemnor acquires title or right to condemned premises. Clearly, the legislature thought notice to him was necessary to prevent improper records being filed if one should desire to appeal within the allotted time. Section 472.35.

Nevertheless, if it were concluded that the sheriff was not a required party to the appeal, or that a strict adherence to that view would make the statute unconstitutional, a construction to be avoided if possible, we prefer, as did the trial court, to base our decision here upon the ground that the defendant-city was not properly "served" as required by section 472.19 and rule 56, R. C. P.

■ IV. We come then to the question as to whether the notice sent by registered mail to the clerk of the defendant-city substantially complied with the statute. Was it served in the same manner as an original notice? We think not.

Rule 56, Rules of Civil Procedure, provides: "Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: (a) * * *. (h) Upon any city or town by *serving* its mayor or clerk. * * *." (Emphasis supplied.)

■ There are four generally recognized methods of service whereby jurisdiction of the person and the subject matter is acquired: (1) personal service (2) substituted service (3) acceptance of service, and (4) publication of service. See 26 Iowa Law Review 96, 100. Appellant maintains the notice here was "served" personally by delivering to the clerk a copy of the notice, that the delivery by the mailman is substantial compliance with the statute. We do not think so and have held to the contrary. In State v. Hansen, 244 Iowa 145, 147, 148, 55 N.W.2d 923, we said: "The general rule appears to be that unless otherwise provided by statute the *service* of a notice must be personal. 66 C. J. S., Notice, section 18(d); 39 Am. Jur., Notice and Notices, section 9." It was further pointed out that we now have a very definite statement in rule 56 as to the meaning of the term "served", and that a mailed notice would not comply with per-

sonal service as set out in rule 56. It was said: "We think that the terms 'served' or 'caused to be served', especially when used in connection with Official Notices, have acquired the peculiar and appropriate meaning given to 'service of original notices', in the absence of anything to the contrary appearing. Reaffirming the rule announced in the Hogue case, supra [204 Iowa 3, 214 N.W. 729], and accepting 'personal service' to be such service as is set forth in R. C. P. 56, we hold that mailing of the notice, in the instant case, was not a compliance with section 103.15 * * *."

Also see Harbacheck v. Moorland Tel. Co., 208 Iowa 552, 226 N.W. 171. "Service" includes a proper return, and here there was none by the mailman. Only the affidavit of the mailing attorney appears, and he did not serve the notice.

"Service" means more than just delivery of the notice, under rule 56. The Iowa concept of service, as set forth in section 11060, Code, 1939, was changed only to the extent that the "reading" or "offering" to read the original notice was deleted in rule 56. Of course, no "acknowledgment of the service indorsed thereon, dated and signed by the defendant" appears in a receipt for a registered letter. See Advisory Committee Comment, 1 Iowa Rules of Civil Procedure, Revised Edition, Cook, on rule 56, page 336. Thus, there could be no valid return of service here. As stated in Ellis v. Carpenter, 89 Iowa 521, 524, 56 N.W. 678: "The jurisdiction should appear upon the face of the record, and not be left to an investigation to determine whether the persons to be served received a notice by being left with some third person, or by being sent by mail or otherwise." See rule 59(b), R. C. P.

It would, therefore, seem that notification by registered mail does not comply with the requirements of rule 56, R. C. P., and that original notices cannot be "served" in that manner. We so hold.

V. Jurisdiction of the district court must be acquired in the manner prescribed by law. It is the rule in this and most jurisdictions that knowledge on the part of the defendant will not supply the need for a valid, legal notice or summons, as required by rule or statute. Substantial compliance with the requi-

sites of process is required. Parkhurst v. White, 254 Iowa 477, 482, 118 N.W.2d 47, and citations. In Esterdahl v. Wilson, supra, 252 Iowa 1199, 1206, 110 N.W.2d 241, we considered a similar contention and, while the facts are somewhat different, we said: "It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method. This argument would support a notice by ordinary mail, * * *"

Nowhere in rule 56, or elsewhere except in rule 60.1 which is not applicable here, do we find where an original notice may be served by mail, and to approve such a notice now, even though no prejudice to defendant is apparent, would lead to a breakdown of orderliness in legal procedure in condemnation cases. While this result may be a hardship on appellant, as she contends, it is submitted that failure to follow procedural guidelines in serving any original notice could result in such a hardship. This fact cannot be a reasonable basis for declaring such sections as 472.18 and 472.19 unconstitutional or ineffective. Applicable here is our statement in Schloemer v. Uhlenhopp, 237 Iowa 279, 284, 21 N.W.2d 457: "Appellant must be held responsible for his attorney's knowledge of the Rule and for the inadvertence that resulted in failure to observe it. * * * To hold otherwise would be a virtual annulment of the Rule."

VI. In this case there was a clear failure to follow the procedural requirements for obtaining district court consideration of this condemnation matter. It was this failure that prevents the review, not the unreasonable or arbitrary requirements of the statutes. It is true we have said substantial compliance is sufficient and great latitude is permissible as to the type of information given by these notices (Bales v. Iowa State Highway Comm., supra, 249 Iowa 57, 86 N.W.2d 244) and liberality is indulged when possible. Yet we think the statutory requirements as to the *manner of service* must be strictly followed to secure court jurisdiction. Thorson v. Des Moines, supra, 194 Iowa 565, 188 N.W. 917. It is concluded, therefore, that the ruling on defendant's special appearance was correct.—Affirmed.

All JUSTICES concur.