Clifton **BURNHAM**, Appellant,

v.

The **CITY OF WEST DES MOINES**, Appellee.

No. 96–799.

Supreme Court of Iowa.

Sept. 17, 1997.

R. Mathieson Duncan of Duncan, Green, Brown, Langeness & Eckley, P.C., Des Moines, for appellant.

Jeffrey L. Goodman of Shearer, Templer & Pingel, P.C., West Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, ANDREASEN, TERNUS, and SCHULTZ,* JJ.

TERNUS, Justice.

Appellant Clifton Burnham appealed a condemnation award to the district court, but failed to serve the sheriff with notice of the appeal. Construing Iowa Code section 6B.18 (1995) as requiring service on the sheriff to perfect an appeal, the district court dismissed Burnham's petition for review of the award. We affirm.

I. *Background Facts and Proceedings.* Appellee, the City of West Des Moines, condemned a portion of Burnham's property. The Polk County sheriff mailed a notice of the condemnation award to Burnham. Burnham filed a timely notice of appeal and petition seeking review of the award in district court. He did not serve the sheriff with a copy of the notice or petition.

The City filed a motion to dismiss, alleging Burnham's failure to serve the sheriff deprived the court of jurisdiction to hear his appeal. Burnham resisted, claiming (1) he was not required to serve the sheriff in order to invoke the jurisdiction of the court, and (2) the notice of award mailed to him by the sheriff was defective. The district court granted the motion to dismiss and Burnham appealed.

█ We review the district court's ruling on a motion to dismiss a condemnation appeal for correction of errors of law. *Wade Farms, Inc. v. City of Weldon,* 419 N.W.2d 718, 720 (Iowa 1988). Any decision to sustain or overrule a motion to dismiss must rest on legal grounds. *Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995).

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206(1996).

■ II. *Necessity of Serving Notice of Appeal on Sheriff.* Iowa Code chapter 6B sets forth the procedure for the condemnation of private property for public use. Iowa Code § 6B.1. After a compensation commission has assessed the damages to the condemnee, either the condemnee or the condemnor may appeal the assessment made by the compensation commission to the district court. *Id.* § 6B.18.

Section 6B.18 requires the party appealing a condemnation award to "give written notice that the appeal has been taken to the adverse party, or the adverse party's agent or attorney, lienholders, *and the sheriff.*" *Id.* (emphasis added). We have explained that notice to the sheriff is not meaningless, but serves a necessary purpose:

> Chapter 472 [now chapter 6B] grants to the sheriff exclusive jurisdiction of condemnation proceedings and places upon him the duty to keep all records of the proceedings. It is by these records and documents that the condemnor acquires title or right to condemned premises. Clearly, the legislature thought notice to [the sheriff] was necessary to prevent improper records being filed if one should desire to appeal within the allotted time.

*Harrington v. City of Keokuk,* 258 Iowa 1043, 1049, 141 N.W.2d 633, 637 (1966).

It is undisputed Burnham failed to give the Polk County sheriff any notice of his appeal. Thus, a purely legal issue is presented: does a failure to serve the sheriff with notice of an appeal deprive the district court of jurisdiction? We have answered this precise question on two occasions in the past; unfortunately, our answers have not been consistent.

Our first opinion on this issue appears in *Hahn v. C., O. & St. J. R.R.,* 43 Iowa 333 (1876). In *Hahn,* the property owner appealed an assessment of damages made by the sheriff's jury (the predecessor of today's compensation commission), but did not serve the sheriff with notice of the appeal. *Hahn,* 43 Iowa at 334. The defendant filed a motion to dismiss, citing this omission. *Id.* The district court refused to dismiss the appeal, and the case proceeded to trial before a jury. *Id.* On the defendant's appeal of the jury verdict, we affirmed. *Id.* at 335. We pointed out the sheriff had the statutory duty to file and preserve the report of the assessment, but had no duty to file the report with the court. *Id.* at 334–35. We observed, moreover, that even without the report of the sheriff's jury, the record before the district court jury was adequate for purposes of its de novo review of the award. *Id.* at 335.

Our assessment of the importance of notice to the sheriff was dramatically different in a later case. In *Thorson v. City of Des Moines,* 194 Iowa 565, 569, 188 N.W. 917, 919 (1922), we affirmed the dismissal of the city's appeal from the assessment made by a sheriff's jury because notice of the appeal was not served on the sheriff as required by the applicable statute. We relied on the general rule that "[w]here the statute provides the mode of procedure, the provisions must be pursued, and the parties cannot substitute a different mode." *Thorson,* 194 Iowa at 568, 188 N.W. at 918. We distinguished *Hahn,* primarily because in *Hahn,* "the appeal was by the landowner." *Id.* More recently, we have stated in dicta that failure to serve notice of an appeal on the sheriff defeated the jurisdiction of the district court to proceed with the appeal. *Harrington,* 258 Iowa at 1048, 141 N.W.2d at 637 (citing *Thorson,* 194 Iowa at 568, 188 N.W. at 918).

■ To decide whether these conflicting decisions can be reconciled and if not, whether we should abide by our decision in *Hahn* or our decision in *Thorson,* we examine general principles governing appeals of condemnation proceedings. "Appeals from condemnation awards invoke the appellate jurisdiction of the district court." *Chao v. City of Waterloo,* 346 N.W.2d 822, 824 (Iowa 1984); *accord Harrington,* 258 Iowa at 1046, 141 N.W.2d at 636. To perfect an appeal, the appellant must substantially comply with the notice requirements of the statute. *Harrington,* 258 Iowa at 1047, 141 N.W.2d at 636; *Bales v. Iowa State Highway Comm'n,* 249 Iowa 57, 60, 86 N.W.2d 244, 246–47 (1957). If the appellant fails to follow the prescribed procedure, the district court obtains no jurisdiction and the appeal must be dismissed. *Wade Farms,* 419 N.W.2d at 721; *Carmichael v. Iowa State Highway Comm'n,* 156 N.W.2d 332, 335

(Iowa 1968); *Harrington,* 258 Iowa at 1047, 141 N.W.2d at 636. These rules are not peculiar to condemnation appeals, but apply to appeals of agency action taken pursuant to other statutes as well. *E.g., Buchholtz v. Iowa Dep't of Pub. Instruction,* 315 N.W.2d 789, 791 (Iowa 1982) (appeal pursuant to Iowa Code chapter 17A for review of agency action); *Economy Forms Corp. v. Potts,* 259 N.W.2d 787, 788 (Iowa 1977) (appeal of assessment under Iowa Code chapter 441).

██ We first observe that in no decision have we relaxed the requirements for an appeal because the landowner was the appellant. We have consistently required that the property owner, as well as the condemnor, comply with the statutory procedure for appeals of condemnation awards or suffer dismissal. *See Wade Farms,* 419 N.W.2d at 723 (dismissing *landowner's* appeal for failing to serve notice of appeal on adverse party within thirty days of appraisement notice); *Carmichael,* 156 N.W.2d at 338 (dismissing *property owner's* appeal for failing to serve interested party); *Harrington,* 258 Iowa at 1051, 141 N.W.2d at 638–39 (dismissing *landowner's* appeal for failing to comply with manner of service set out in statute). Consequently, we cannot explain the divergent holdings in *Hahn* and *Thorson* on the basis that a landowner appealed in *Hahn* and the city appealed in *Thorson.* The same standards apply to condemnation appeals taken by the property owner as apply to the condemning authority.

Because we cannot logically reconcile the holdings in these two cases, we must choose between them. We conclude *Thorson* sets forth the better rule of law.

Initially, we point out one reason the court in *Hahn* concluded there was no harm in the landowner's failure to notify the sheriff of the appeal was that the sheriff had no duty to file the assessment with the court. *See Hahn,* 43 Iowa at 334–35. That reason no longer exists because chapter 6B now expressly provides that the sheriff shall file a certified copy of the assessment with the clerk of the district court. *See* Iowa Code § 6B.20.

Second and of even greater importance, our holding in *Thorson* is more consistent with the principles of law governing appeals of agency action. As stated above, we have consistently required substantial compliance with the statutory procedure for condemnation appeals in order to confer jurisdiction on the district court. Our decision in *Hahn* is an aberration in that respect. Therefore, we choose to follow *Thorson* and overrule *Hahn.*

██ That leaves only the question whether Burnham substantially complied with the statutory requirement that the sheriff be given notice of the appeal. Substantial compliance exists when the action taken, although not literally satisfying the statutory requirement, nevertheless fulfills the minimal objectives of the statute. *Superior/Ideal, Inc. v. Board of Review,* 419 N.W.2d 405, 407 (Iowa 1988); *In re Bishop,* 346 N.W.2d 500, 504 (Iowa 1984). The obvious purpose of giving notice of an appeal is to inform the person entitled to notice that an appeal has been taken. Here, the sheriff was given absolutely no notice in any form. A complete failure to give notice does not accomplish the purpose of the statute and does not constitute substantial compliance. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.,* 534 N.W.2d 457, 459 (Iowa 1995) (holding failure to name agency as respondent in petition for judicial review did not constitute substantial compliance with statutory requirement that "[t]he petition for review shall name the agency as respondent"); *Wollenzien v. Board of Educ.,* 297 N.W.2d 215, 218 (Iowa 1980) (holding teacher's failure to reject the adjudicator's decision as required by statute barred later appeal to district court). We hold Burnham failed to substantially comply with the procedure necessary to confer jurisdiction of this appeal on the district court.

██ III. *Adequacy of Sheriff's Notice of Award.* We also find no merit in Burnham's alternate ground for reversal—that the sheriff's notice of the condemnation award was defective. For purposes of our consideration of this issue, we assume without deciding that a defect in the sheriff's notice of the award would excuse Burnham's failure to give the sheriff notice of the appeal. Notwithstanding the benefit of this assumption, we find Burnham's position lacking in merit. We conclude the sheriff's notice of the con-

demnation award was not defective and substantially complied with the requirements of section 6B.18.

Section 6B.18 requires that the sheriff serve the condemnee with written notice "of the date on which the appraisement of damages was made, the amount of the appraisement, and that any interested party may ... appeal to the district court." Burnham claims the sheriff's notice of the condemnation award was defective because it did not include the date of the appraisement of damages and did not unambiguously inform him of his right to appeal.

We have previously held the failure of a notice of appraisement to include the date of the appraisal does not render the notice defective. *Norgard v. Iowa Dep't of Transp.*, 555 N.W.2d 226, 229 (Iowa 1996). Because the notice informed the condemnees of their right to appeal and the time for such an appeal, we held the notice substantially complied with section 6B.18 even though it did not state the date the appraisal was made. *Id.*

█ The same analysis is applicable here. The omission of the date of appraisal does not render the sheriff's notice to Burnham defective if the notice informed Burnham of his right to appeal and the time for doing so. Burnham contends the notice of appraisement sent by the sheriff was ambiguous with respect to the right to appeal. The notice stated in this regard:

> YOU ARE FURTHER NOTIFIED that the owner(s) of the property condemned has 30 days from the date of the mailing of this notice of appeal the decision of the Compensation Commissioners to the District Court in and for Polk County, Iowa.

There was a grammatical or typographical error in this sentence; it should have stated "to appeal" rather than "of appeal." Despite this error, we believe a reasonably prudent person would understand the property owner had thirty days to appeal the commission's decision to the district court. Burnham apparently understood this fact because he filed a timely petition for review with the Polk County district court. Cf. *Parkhurst v. White*, 254 Iowa 477, 481–82, 118 N.W.2d 47,

49–50 (1962) (holding, in case involving district court's original jurisdiction, "mere irregularities which relate principally to the form of the notice or to technical or clerical errors, and which do not deceive or mislead the defendant, will not be found fatal to the jurisdiction of the court"). Because the notice of award accomplished the objectives of section 6B.18, it substantially complied with the statute.

█ IV. *Summary.* Burnham's failure to serve the sheriff with notice of his appeal of the condemnation award deprived the district court of jurisdiction to hear this action. The defects in the sheriff's notice of the award to Burnham were not significant and therefore, the notice of award substantially complied with section 6B.18. The district court correctly dismissed Burnham's petition.

**AFFIRMED.**

CARTER, J., concurs specially.

CARTER, Justice (specially concurring).

I concur in the opinion of the court but write separately to express my view that, although the failure to serve notice on the sheriff is jurisdictional, that is not necessarily so as to the other parties that are required to be served. In 1969 the legislature amended Iowa Code section 472.18 (1966) [now section 6B.18] so as to provide that a failure to serve a notice of appeal on *lienholders* does not deprive the court of jurisdiction unless the lienholder can show prejudice. 1969 Iowa Acts ch. 266, § 3. No similar provision was included concerning failure to serve the *sheriff.* I therefore concur in the opinion of the court. I would reach a different result, however, as to a failure to serve lienholders not prejudiced by the omission even though the Code Editor has now deleted the 1969 amendment from the statute.