William R. **SCHOOLER** and Joan J. Schooler, Appellees,

v.

The **IOWA DEPARTMENT OF TRANSPORTATION,** Appellant,

Knutson Mortgage Corporation; Hartford–Carlisle Savings Bank; U.S. West Communications, Inc.; City Of Carlisle, Iowa; and Warren County, Iowa, Defendants.

No. 96–2048.

Supreme Court of Iowa.

April 22, 1998.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek and Carolyn L. Olson, Assistant Attorneys General, for appellant.

John R. Sandre and Richard O. McConville of Coppola, Sandre & McConville, P.C., Des Moines, for appellees.

SNELL, Justice.

Defendant appeals from jury verdict awarding plaintiffs $100,000 in damages for condemnation of their land by the Iowa Department of Transportation (DOT), arguing that the district court erred in denying its motion to dismiss for lack of jurisdiction. We reverse and remand.

## I. Background Facts and Proceedings

The DOT condemned a tract of land owned by the plaintiffs to allow construction on Iowa Highway 5 in Carlisle. Following a meeting held to establish the value of the property, the Warren County Compensation Commission awarded plaintiffs $50,000 for the taking of their property on March 8, 1995. Plaintiffs were mailed notice of the award that day.

Unsatisfied with the award, plaintiffs decided to appeal to the district court. Pursuant to Iowa Code section 6B.18 (1995), plaintiffs had thirty days to file their notice of appeal. On April 6, 1995, plaintiffs' counsel delivered notices of appeal to the Warren County sheriff's office for all named defendants in the case, requesting that service be made no later than Friday, April 7, which was the last day of the thirty-day time period. On that same date, copies of the notice of appeal were mailed to the attorney general's office, as the representative of the DOT.

The Warren County sheriff served the notice of appeal on the defendants located in Warren County on April 6. The notices for the defendants located in Polk County, including the attorney general's office on behalf of the DOT, were sent to the Polk County sheriff and were not personally served until Monday, April 10, three days past the statutory time limit of thirty days. The return of service indicates this date.

The DOT filed a motion to dismiss on May 5, arguing that the district court lacked jurisdiction because of plaintiffs' failure to serve the notice of appeal within the time prescribed by Iowa Code section 6B.18. The district court denied the DOT's motion to dismiss. The DOT sought interlocutory appeal with our court, which we denied. The matter proceeded to trial and a jury awarded

plaintiffs $100,000 in damages. The DOT appeals, contending the district court erred in denying its motion to dismiss.

■ We review a district court's ruling on a motion to dismiss a condemnation appeal for correction of errors of law. *Burnham v. City of West Des Moines,* 568 N.W.2d 808, 809 (Iowa 1997); *Wade Farms, Inc. v. City of Weldon,* 419 N.W.2d 718, 720 (Iowa 1988). We have previously recognized that "[a]ny decision to sustain or overrule a motion to dismiss must rest on legal grounds." *Burnham,* 568 N.W.2d at 809 (citing *Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995)).

II. Statutory Framework

Iowa Code section 6B.18 provides the general procedure for appeal to the district court from a compensation commission's assessment of damages:

6B.18 Notice of appraisement—appeal of award.

After the appraisement of damages has been delivered to the sheriff by the compensation commission, the sheriff shall give written notice, by ordinary mail, to the condemner and the condemnee of the date on which the appraisement of damages was made, the amount of the appraisement, and that *any interested party may, within thirty days from the date of mailing the notice of the appraisement of damages, appeal to the district court.* The sheriff shall endorse the date of mailing of notice upon the original appraisement of damages. At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party, or the adverse party's agent or attorney, lienholders, and the sheriff.

(Emphasis added.)

Iowa Code section 6B.19 provides the manner of service for all condemnation appeals and special procedures for matters involving condemnation of land by the DOT:

6B.19 Service of notice—highway matters.

1. Such notice of appeal shall be served in the same manner as an original notice. In case of condemnation proceedings instituted by the state department of transportation, when the owner appeals from the assessment made, such notice of appeal shall be served upon the attorney general, or the department general counsel to the state department of transportation, or the chief highway engineer for the department. When service of notice of appeal cannot be made as provided in this section, the district court of the county in which the real estate is situated, on application, shall direct what notice shall be sufficient.

2. In any condemnation proceedings instituted under this chapter by the state department of transportation in any court of the state wherein the property owner has delivered proper notice of appeal to the sheriff of the proper county with the intent that it be served immediately upon the person selected by the owner from among those persons designated for such service in subsection 1, the delivery of the notice of appeal to the sheriff shall be deemed a commencement of the appeal proceedings. If the sheriff, after delivery of the notice of appeal, fails or is unable to serve the notice of appeal upon such designated person within the statutory period required under section 6B.18, such inability or failure shall not deprive the court of jurisdiction of the appeal if the property owner shall, within twenty days after delivery of notice of appeal to the sheriff, make application for further direction as to service to the proper district court as provided by this section.

The DOT argues that the timely filing of the notice of appeal with the Warren County sheriff was not sufficient to confer jurisdiction on the district court. It contends that under section 6B.19(2), because the notice of appeal was not served "in the same manner as an original notice" within the thirty-day time limit, plaintiffs were required to make application to the district court for further direction in order to perfect the appeal. Plaintiffs argue it was unnecessary to make application for further direction because the attorney general, on behalf of the DOT, received personal service of the notice of appeal three days after the thirty-day time period ended.

Plaintiffs also contend the DOT has failed to preserve error. They contend that although the DOT based its motion to dismiss on lack of subject matter jurisdiction, it actually was challenging the court's authority to hear the case. This distinction is important, plaintiffs argue, because want of authority can be waived, whereas lack of jurisdiction can be raised at any time in the proceedings. Based on this conclusion, plaintiffs maintain that because the DOT did not file a motion for directed verdict, an Iowa Rule of Civil Procedure 179(b) motion, or a motion for new trial, it failed to preserve error on the lack-of-authority issue.

### III. Preservation of Error

■ We have previously recognized and explained the difference between subject matter jurisdiction and authority. "Subject matter jurisdiction refers to the authority of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989) (citing *Wederath v. Brant*, 287 N.W.2d 591, 594 (Iowa 1980)). When a court has subject matter jurisdiction "but for one reason or another may not be able to entertain a particular case ... the court lacks authority to hear that particular case." *Id.*

In the case at bar, the DOT, by its motion to dismiss, raised the issue of the trial court's authority to hear the plaintiffs' appeal from the condemnation commission's decision. Although denominated a motion to dismiss for lack of subject matter jurisdiction, the gravamen of the motion, citing our decision in *Wade Farms*, was that jurisdiction was lacking due to the failure to effect service of notice of appeal in a timely manner.

■ In considering a preservation of error challenge, we have held that the issue is not controlled by the title of the motion or its prayer. *State v. O'Connell*, 275 N.W.2d 197, 202 (Iowa 1979); *see also Ray v. Paul*, 563 N.W.2d 635, 638 (Iowa App.1997). Thus, we find the DOT's motion to dismiss raised the question of the trial court's authority to hear plaintiffs' case despite the fact that it was denominated a motion to dismiss for lack of subject matter jurisdiction.

The plaintiffs argue that the DOT failed to preserve error because it did not subsequently raise the issue of lack of authority in later motions. We find that the DOT properly preserved error by raising the issue in its motion to dismiss. The district court's decision on that motion was definitive and dispositive of the issue. Requiring a party to file additional motions when the district court has already addressed the precise issue in a prior ruling would be a waste of judicial resources.

### IV. Whether the District Court Had Jurisdiction

■ In *Burnham v. City of West Des Moines* we considered whether a district court had jurisdiction over an appeal from a compensation commission award. Although *Burnham* involved a condemnation by an entity other than the DOT, its holding as to what is necessary to confer jurisdiction on the district court is applicable here as well. In that case, the plaintiff failed to serve the county sheriff as required by Iowa Code section 6B.18. *Burnham*, 568 N.W.2d at 810. We concluded that this failure deprived the district court of jurisdiction. *Id.* at 812. Our decision was based in part on our holding in *Wade Farms, Inc. v. City of Weldon*, in which we concluded that if the appellant in a condemnation case fails to follow the prescribed procedure for perfecting an appeal, the district court does not obtain jurisdiction and the appeal must be dismissed. *Id.* at 810 (citing *Wade Farms*, 419 N.W.2d at 721).

Plaintiffs claim that they substantially complied with the statutory procedure set forth by Iowa Code sections 6B.18 and .19, which thereby vested the district court with jurisdiction. Under the plain language of the statute, plaintiffs failed to comply with the time limit for serving the notice of appeal. While they contend that filing with the sheriff's office before the thirty-day period expired constitutes substantial compliance, we disagree.

In *Waterloo Civic Center Hotel v. Board of Review*, 451 N.W.2d 489 (Iowa 1990), we

discussed the concept of substantial compliance and its application when a party has failed to file notice of appeal in a timely manner. In *Waterloo*, the plaintiff sought review of the board's determination of the assessed value of plaintiff's property. *Waterloo*, 451 N.W.2d at 490. Plaintiff was unable to serve notice of appeal on the chairman of the board of review, as required by statute, within the twenty days allowed for appeal because the chairman was out of the state. Plaintiff's attorney did not know of the sheriff's inability to serve the chairman until after the twenty-day time period had expired. *Id.*

Plaintiff argued on appeal from the district court's dismissal that his actions substantially complied with the appeal procedures and that jurisdiction should be held to be properly invoked. We noted that "[a]lthough we are extremely sympathetic to plaintiff's plight, we are unable to accept" his contention. *Id.* In rejecting plaintiff's substantial compliance argument, we stated:

> Although some latitude exists for upholding jurisdiction in this type of proceeding if substantial compliance with the statutory procedures is shown, we have recognized that this principle does not permit a court to extend the time within which an appeal may be taken.

*Id.* at 491 (citing *BHC Co. v. Board of Review*, 351 N.W.2d 523, 526 (Iowa 1984)).

We have strictly construed the requirements of sections 6B.18 and .19 in prior cases and we are reluctant to change our interpretation of the statutory requirements in this case. *See Norgard v. Iowa Dep't of Transp.*, 555 N.W.2d 226, 229 (Iowa 1996) (finding property owners' appeal of compensation commission award untimely and affirming dismissal based on lack of jurisdiction); *Wade Farms*, 419 N.W.2d at 723 (dismissing property owner's appeal for failing to serve notice of appeal on adverse party within thirty days); *Kenkel v. Iowa State Highway Comm'n*, 162 N.W.2d 762, 765 (Iowa 1968) (holding that property owner's failure to serve notice of appeal on adverse party within thirty-day time limit deprived court of jurisdiction; filing with sheriff within thirty-day period did not constitute substantial compliance); *Carmichael v. Iowa State Highway Comm'n*, 156 N.W.2d 332, 338 (Iowa 1968) (dismissing property owner's appeal for failing to serve interested party within thirty-day period); *Harrington v. City of Keokuk*, 258 Iowa 1043, 1051, 141 N.W.2d 633, 638–39 (1966) (dismissing property owner's appeal for failing to comply with manner of service prescribed in statute).

■ Plaintiffs argue that the DOT received notice of the appeal within the twenty-day grace period provided under section 6B.19(2) and that this should constitute substantial compliance. Plaintiffs' position, however, would require us to ignore the clear language of the statute and our prior cases strictly construing the appeal requirements. To do so would be in direct contravention of the statute. Furthermore, the statute clearly does not encompass the option plaintiffs propose with this argument, that if the sheriff does not achieve service parties can fashion their own mode of proper service. The statute requires an application to the district court to enable the court to direct the proper mode of service after the thirty-day time period has expired. Therefore, even though the district court might have simply retroactively approved the sheriff's tardy service upon an application by plaintiffs, the application was still required under the terms of the statute.

Plaintiffs also contend that the legislature's intent with regard to the "safety valve" provided in section 6B.19(2) must be considered. They argue the legislature's intent was to alleviate the harsh effects our prior interpretations of the appeal procedures have had on property owners. Plaintiffs maintain that the intent behind the safety-valve provision was to protect property owners "who through no fault of their own, could not effect service on the DOT within 30 days." This argument is based on the statutory requirement that service of the notice must be made by the sheriff. Plaintiffs argue this requirement makes it impossible for property owners to guarantee timely service because they have no control over when the sheriff actually serves the notice.

Although plaintiffs offer no authority to support their interpretation of the legisla-

ture's intent, the safety-valve provision clearly does provide some protection for the appealing party for cases in which the sheriff does not serve adverse parties prior to the thirty-day deadline. In order to invoke this protection, however, the appealing party must apply to the district court for further direction, as the language of the statute indicates:

> If the sheriff, after delivery of notice of appeal, fails or is unable to serve the notice of appeal upon such designated person within the statutory period required under section 6B.18, such inability or failure shall not deprive the court of jurisdiction of the appeal *if the property owner shall, within twenty days after delivery of notice of appeal to the sheriff, make application for further direction as to service to the proper district court as provided by this section.*

Iowa Code § 6B.19(2) (emphasis added). The plaintiffs failed to apply for further direction from the district court within that twenty-day grace period and thus the thirty-day time period for filing an appeal was not tolled. As we have previously noted, "[j]urisdiction does not attach, nor is it lost, on equitable principles. It is purely a matter of statute." *Cunningham v. Iowa Dep't of Job Serv.,* 319 N.W.2d 202, 205 (Iowa 1982).

Based on the language of the statute, plaintiffs were required to apply to the district court to toll the thirty-day time period for filing their appeal. Because they did not do so and because the DOT was not served until the thirty-third day following the notice of the commission's award, we find that the plaintiffs' notice of appeal was untimely filed and the district court lacked jurisdiction to hear this case.

**REVERSED AND REMANDED FOR ENTRY OF JUDGMENT.**