# IN THE COURT OF APPEALS OF IOWA

No. 20-0941
Filed October 6, 2021

**FRANCES KOZIK and VIRGIL KOZIK,**
    Plaintiffs-Appellants,

**vs.**

**IOWA DEPARTMENT OF TRANSPORTATION,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Patrick R. Grady, Judge.

Plaintiffs appeal the district court decision dismissing their appeal of a compensation commission's award due to untimely service of notice of appeal. **AFFIRMED.**

Jennifer L. Zahradnik of Kollmorgen, Schlue & Zahradnik, P.C., Belle Plaine, for appellant.

Thomas J. Miller, Attorney General, and Matthew S. Rousseau, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Francis Kozik and Virgil Kozik (the Koziks) appeal the district court decision dismissing their appeal of a compensation commission's award due to untimely service of the notice of appeal on the Iowa Department of Transportation (DOT). The Koziks have not shown good cause for the delay in proper service. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

The Koziks own real property in Benton County. The DOT condemned part of the property for the expansion of a highway. On January 4, 2020, a Benton County Compensation Commission assessed the damages from the condemnation and awarded the Koziks $188,100 for land and improvements and $37,000 in additional damages, for a total of $225,100.

On February 7, the Koziks filed a timely notice of appeal of the compensation commission's decision. The notice was served on the DOT on April 28. The DOT filed a motion to dismiss the condemnation appeal on the ground the Koziks did not timely serve the notice of appeal on the DOT, as required by Iowa Code section 6B.18(2) (2020).

The Koziks resisted the motion to dismiss. They stated that they mailed a copy of the notice of appeal to the DOT twice, on February 6 and February 7, but the DOT asked to be personally served. The Koziks claimed the DOT had accepted service by mail in other condemnation appeals. The Koziks also asserted that there was good cause for the delay in service of the notice of appeal due to the COVID-19 virus and the closure of some government offices. The DOT

replied to the resistance, asserting the Koziks failed to show good cause for the delay.

The district court granted the motion to dismiss. The court found:

> [The Koziks] have failed to satisfy the statutory requirements for service of a condemnation notice of appeal pursuant to Iowa Code § 6B.18(2). It is clear to the Court that [the Koziks] had knowledge that proper service was to be completed through personal service of the notice of appeal before mailing the notice of appeal. . . . The Court concludes that [the Koziks] did not properly serve the [DOT] and did not present good cause to the Court for extension of time to serve upon the [DOT] before the deadline. The failure to properly serve the [DOT] pursuant to Iowa Code chapter 6B results in no jurisdiction for the district court in which [the Koziks are] seeking review and the appeal must be dismissed.

The Koziks appeal the decision of the district court.

## II.    Standard of Review

We review the district court's decision for the correction of errors at law. *Burnham v. City of W. Des Moines*, 568 N.W.2d 808, 810 (Iowa 1997). "Any decision to sustain or overrule a motion to dismiss must rest on legal grounds." *Id.* "[W]e are bound by the district court's factual findings if supported by substantial evidence." *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006).

## III.    Discussion

Iowa Code section 6B.18(2) provides:

> An appeal of appraisement of damages is deemed to be perfected upon filing of a notice of appeal with the district court within thirty days from the date of mailing the notice of appraisement of damages. The notice of appeal shall be served on the adverse party, or the adverse party's agent or attorney, and any lienholder and encumbrancer of the property in the same manner as an original notice within thirty days from the date of filing the notice of appeal unless, for good cause shown, the court grants more than thirty days. If after reasonable diligence, the notice cannot be personally served, the court may prescribe an alternative method of service consistent with due process of law.

"[I]f the appellant in a condemnation case fails to follow the prescribed procedure for perfecting an appeal, the district court does not obtain jurisdiction and the appeal must be dismissed." *Schooler v. Iowa Dep't of Transp.*, 576 N.W.2d 604, 607 (Iowa 1998).

A notice of appeal of a compensation commission award must be served "in the same manner as an original notice." Iowa Code § 6B.18(2); *Wade Farms, Inc. v. City of Weldon*, 419 N.W.2d 718, 720 (Iowa 1988). The Iowa Supreme Court has determined that service by registered mail is not service "in the same manner as an original notice." *Harrington v. City of Keokuk*, 141 N.W.2d 633, 637 (Iowa 1966). The notice of appeal to the district court must be personally served within thirty days after the notice of appeal is filed. *See Seitsinger v. City of Kinross*, No. 02-1763, 2003 WL 23005211, at *1 (Iowa Ct. App. Dec. 24, 2003).

As we explain next below, the Koziks attempted timely service but did so in an improper manner and later made proper service in an untimely manner.

Although the Koziks attempted to serve the DOT by mail within the thirty-day period, they did not personally serve the DOT. The attempted service did not meet the requirements of section 6B.18(2) because it was not made "in the same manner as an original notice." *See* Iowa Code § 6B.18(2); *Harrington*, 141 N.W.2d at 637.

Additionally, the Koziks did not serve the DOT in the proper manner within thirty days. The notice of appeal was filed in the district court on February 7, 2020. Section 6B.18(2) required the Koziks to serve notice of the appeal on the DOT within thirty days, which would be March 9, unless the court granted them more

than thirty days "for good cause shown." An appeal to the district court may be dismissed for untimely service of the notice of appeal. *Glenwood Park, L.C. v. City of Marshalltown*, No. 09-0172, 2009 WL 3775142, at *1 (Iowa Ct. App. Nov. 12, 2009).

The Koziks claimed there was good cause for the delay. First, they asserted that the DOT accepted service by mail in other condemnation appeals. The district court found the Koziks' argument was not supported by legal authority. The Koziks do not and could not claim to have been misled by any actions of the DOT in other cases.[1] Good cause for delay does not appear on this ground. Second, the Koziks claimed there should be an extension of time to make service due to the Covid-19 pandemic. The district court pointed out that the Koziks were required to serve the DOT by March 9 and government responses to the pandemic did not affect service in civil proceedings until March 16 at the earliest. Our governor's declaration of emergency was signed March 17, effective March 16. Our supreme court's first order in response was signed March 12. The Koziks offered no evidence explaining how the pandemic impaired their ability to make proper service during the month preceding March 9. Once notified the DOT would not accept service, they were able to effectuate proper but untimely service within four days.

---

[1] In their resistance to the motion to dismiss, Koziks did provide the district court a copy of an email exchange with another DOT attorney inquiring about late service in other condemnation cases because of the "current" situation with the pandemic. But that inquiry by the DOT attorney came well over a month after the service deadline in this case. Likewise, the DOT attorney confirmed the "normal" pre-pandemic process was to file a motion to dismiss when the time for service expired.

We find there is substantial evidence in the record to support the district court's decision that the Koziks did not show good cause for the delay in service. *See Crall*, 714 N.W.2d at 620 ("The fighting issue is whether substantial evidence supports the district court's finding that the Cralls established good cause for the failure to serve Davis.").

We affirm the district court's decision dismissing the Koziks' appeal of the award of the condemnation commission.

**AFFIRMED.**